J-S02020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY GUNTER, | |
| Appellant | No. 58 EDA 2014 |

Appeal from the PCRA Order of December 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012990-2008

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                         **FILED MARCH 24, 2015**

Appellant, Anthony Gunter, appeals from an order entered on December 13, 2013, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court set forth the facts of this case as follows:

> On September 15, 2008, [Appellant] rode his bicycle toward [D.B., "the victim"], who was waiting for a bus at the corner of 3rd and Catherine Streets in Philadelphia. [Appellant] grabbed [the victim's] handbag while still on his bicycle and attempted to pedal away with it.  [The victim] tried to hold on to her handbag but ultimately [Appellant] wrenched it away from her, tearing all the ligaments in one of her fingers.  A passerby pursued [Appellant] and saw him enter a house [along] South 5th Street in Philadelphia.
>
> Police Officers Chris Jackson and James Kimrey received a radio call to investigate the robbery.  Upon arriving at the [] South 5th Street property, Officer Kimrey knocked on the front door.  A woman opened the door, told Officer Kimrey

she lived at that address, and invited the officer into the house. Officer Kimrey found [Appellant] sitting in the kitchen and asked him to come outside. Once [Appellant] went outside, [the victim] signaled to the officers that [Appellant] was the man who robbed her. During the arrest, [Appellant] pushed off a wall and knocked both officers into a parked car, spraining Officer Kimrey's hand. Officer Jackson continued to struggle with [Appellant], which led to both men falling to the ground. Officer Jackson broke his ankle in the fall.

PCRA Court Opinion, 4/22/2014, at 2-3.

Procedurally, the case progressed as follows:

In a bench trial on October 6, 2009, the [trial court] found [Appellant] guilty of aggravated assault, recklessly endangering another person (REAP), two counts of simple assault, and resisting arrest. On January 19, 2010, [the trial court] sentenced [Appellant] to three (3) to six (6) years['] imprisonment for aggravated assault. No further penalty was imposed on the remaining charges. […] On December 16, 2010, the judgment of sentence was affirmed by [this Court]. On January 10, 2011, [Appellant] filed a petition for allowance of appeal with the Supreme Court, which was denied on June 7, 2011.

On June 20, 2011, [Appellant] filed a *pro se* PCRA petition. On March 4, 2013, appointed counsel for [Appellant] filed an amended PCRA petition. On July 11, 2013, the PCRA petition was reassigned [after the original judge retired]. On December 13, 2013, [the PCRA court] formally dismissed [Appellant's] petition. On January 7, 2014, [Appellant] filed a notice of appeal. On that same day [the trial court] issued a [Pa.R.A.P.] 1925(b) order. On January 28, 2014, [Appellant] filed a statement of [errors complained of on appeal. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 22, 2014.]

*Id.* at 1-2 (superfluous capitalization omitted).

On appeal, Appellant presents the following issues for our review:

A. Whether the trial court erred in denying [Appellant's] PCRA [p]etition where trial counsel was ineffective for

- 2 -

failing to subpoena and review the medical records of the complainants where it would have shown that [Appellant] did not commit serious bodily injury to the complainants?

B. Whether the trial court erred in denying [Appellant's] PCRA [p]etition where trial counsel was ineffective for failing to explain the difference between a bench and jury trial to [Appellant] and the impact of such a decision and that [Appellant] was not properly colloquyed on the issue?

Appellant's Brief at 5 (proposed answers omitted).

Both of Appellant's PCRA claims challenge trial counsel's effectiveness.

Our standard of review is well-settled:

We review an order of the PCRA court to determine whether the record supports the findings of the PCRA court and whether its rulings are free from legal error. In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim. To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

Furthermore:

[t]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. When it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of whether the first two prongs have

been met. Failure to meet any prong of the test will defeat an ineffectiveness claim. Counsel is not ineffective for failing to raise meritless claims.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (citations and quotations omitted).

In his first issue presented, Appellant claims the PCRA court erred by denying him relief on his claim that trial counsel was ineffective for failing to subpoena the medical records of the complainants. *Id.* at 9-10. He claims that "[t]he proper admission of the medical records wo[u]ld have shown that the complainants suffered minor injuries and that the intent to cause serious injury was not present." *Id.* at 10. Thus, he contends that "[t]his failure caused the court to convict [] Appellant of a more serious crime[,]" aggravated assault rather than simple assault. *Id.*

We conclude that Appellant has failed to meet any of the prongs of the test for counsel ineffectiveness. At trial, the victim testified that Appellant rode past her on a bicycle and wrenched her pocketbook from her grasp. N.T., 10/6/2009, at 16-18. "[W]hen [Appellant] tugged, [the Victim] tor[e] all the ligaments in her finger and [] had to have surgery" wherein doctors removed a ligament in her wrist, performed a bone graft and inserted a pin in her finger which remained for six weeks. *Id.* at 18. Officer Chris Jackson testified that Appellant attempted to flee when told he was a robbery suspect; Officer Jackson broke his ankle when both men fell during the scuffle. *Id.* at 25. Officer Jackson required an operation to insert a surgical

pin in his ankle, had to wear a cast and a leg brace, and participated in six to seven months of rehabilitative therapy. *Id.* at 26. The Commonwealth presented the medical records of both the victim and Officer Jackson, Appellant stipulated to their contents, and the trial court accepted them into the record. *Id.* at 30.

Because the complainants' medical records were entered into evidence, there is no merit to Appellant's ineffective assistance of counsel claim. The Commonwealth produced the medical records for both victims; defense counsel stipulated to the authenticity and entry of those records into the certified record. Moreover, there was no reasonable basis to subpoena medical records when they were already available and entered into evidence by the Commonwealth. Finally, Appellant cannot show that he was prejudiced, because the outcome of trial would not have been different. The complainants' medical records were already before the trial court. Appellant does not suggest that there was additional information that would have been available by subpoena or that trial counsel somehow erred by stipulating to the admission of the evidence. Hence, Appellant's first claim fails.

Next, Appellant argues, "trial counsel was ineffective for improperly explaining the meaning of a bench trial and where a colloquy was not conducted by the court" and, thus, he "did not make a voluntary and knowing decision to waive his right to a jury trial." Appellant's Brief at 11. "Appellant claims counsel did not explain that the judge would make the

rulings on the evidence even though he would hear all the evidence whether prejudicial or not and sit as the fact finder." *Id.* at 12. Appellant also contends "[t]his was further evident where the trial court did not colloquy [] Appellant on the record as to his right to a jury trial and that he fully understood the impact of a jury trial on the outcome of trial."[1] *Id.*

Pursuant to Pennsylvania Rule of Criminal Procedure 620:

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

In *Commonwealth v. Mallory*, 941 A.2d 686 (Pa. 2008), our Supreme Court addressed the issue of counsel ineffectiveness in connection with the validity of a defendant's jury waiver. In that case, the defendants executed extensive written jury waiver colloquies but did not request on-the-record oral colloquies, and the trial court did not conduct such colloquies. After their direct appeals were unsuccessful, the defendants filed

---

[1] Appellant waived this aspect of his claim by failing to raise trial court error on direct appeal. *See* 42 Pa.C.S.A. § 9544 ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.")

PCRA petitions, each alleging his trial counsel was ineffective for failing to challenge the validity of his jury waiver on the grounds the trial court did not conduct an oral colloquy pursuant to Pa.R.Crim.P. 620. The PCRA court held the absence of such colloquies rendered the waivers invalid as a matter of law and concluded counsel were ineffective. This Court reversed, finding the defendants failed to demonstrate prejudice. Our Supreme Court accepted review to address the proper analysis of the prejudice prong of the ineffectiveness test in the context of the validity of a jury waiver.

The **Mallory** Court determined:

> The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. The essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.
>
> *             *             *
>
> A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional right. Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or by implication. Moreover, the absence of an on-the-record colloquy concerning the fundamentals of a trial by jury does not prove, in an absolute sense, that a defendant failed to understand the right he waived by proceeding non-jury. Consider, for example, a criminally-accused lawyer who waives a jury. Or, consider a career criminal defendant with previous, first-hand experience with jury trials. Or, imagine a reasonably intelligent client whose lawyer informed him, off the record, of the three basics of a jury trial. The record colloquy contemplated by Pa.R.Crim.P. 620 serves a salutary prophylactic purpose, as it makes it plain that a

jury waiver is knowing and voluntary, and it creates a record in the event of a later, collateral attack upon the waiver. For the same twin reasons, an on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, *e.g.,* waiver of a trial, waiver of the right to counsel, waiver of the right to call witnesses, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc. But the colloquy does not share the same status as the right itself.

The right to a jury trial in criminal cases, unlike the Rule-based requirement of a waiver colloquy, does implicate constitutional concerns. If this case involved direct governmental denial of an explicit request for a jury—if appellants had demanded a jury and the trial judge said, "No"—appellants would have a valid claim that they were denied their constitutional right to trial by jury. But that is not the claim presented here. Appellants explicitly waived their rights to a jury, in writing, on the record. Appellants' shared collateral claim (the [the other appellants] have an added burden concerning appellate counsel which we will address below) is that, notwithstanding their explicit written waiver colloquies, which were attested by their lawyers, the prosecutor and (in two of three cases) the trial judge, those waivers were the product of the ineffectiveness of their trial counsel. Specifically, they allege that their lawyers failed to object when the trial court failed to conduct an on-the-record oral waiver colloquy to supplement the written waivers. If they had been so queried in open court, all three appellants claim, they would have contradicted their written waivers and demanded a jury. This not uncommon my-record-waiver-was-my-lawyer's-fault claim is far removed from the constitutional, structural error that would be at issue if a timely jury demand was wrongly denied.

*Mallory*, 941 A.2d at 696–697 (citations, quotations, brackets and ellipsis omitted).

The **Mallory** Court also stressed the importance of recognizing the distinct analysis required when a jury waiver colloquy claim is litigated through the guise of counsel ineffectiveness:

> Recognizing that the claim here involves a collateral attack focusing upon the Sixth Amendment right to counsel, and that the collateral attack only indirectly implicates the distinct constitutional right to a jury trial and the Rule-based right to an oral waiver colloquy, is paramount to its proper evaluation. Of course, lawyers have an obligation to counsel their clients in conjunction with the waiver of basic rights, including the waiver of a jury; but the mere absence of a record oral waiver colloquy does not automatically prove that a right was relinquished unknowingly or involuntarily and that the trial lawyer was ineffective for causing the waiver. When a presumptively-valid waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim. Such an inquiry is not resolved by the mere absence of an oral waiver colloquy; instead, the analysis must focus on the totality of relevant circumstances. Those circumstances include the defendant's knowledge of and experience with jury trials, his explicit written waiver (if any), and the content of relevant off-the-record discussions counsel had with his client.

*Id.* at 698 (internal citations and quotation omitted).

The **Mallory** Court adopted the totality of the circumstances approach:

> [A]bsence of an oral colloquy alone does not prove that a jury waiver was in fact unknowing or involuntary; rather, the PCRA court must look to the totality of the circumstances ... including the discussions between the lawyers and their clients regarding the jury waiver.... The analysis regarding the underlying merits of appellants' ineffectiveness challenge must be more precise and must account for all relevant circumstances surrounding the waiver.

*Id.* at 704.

Here, the record belies Appellant's claim that counsel did not explain Appellant's jury trial rights prior to his waiver. The certified record contains a written jury trial waiver colloquy executed on October 6, 2009. Prior to trial, the trial court identified the written colloquy and asked Appellant "did your lawyer explain this form to you?" N.T., 10/6/2009, at 14. Appellant responded "yes." *Id.* The trial court also confirmed Appellant: (1) was 48 years old at the time; (2) completed 11th grade; (3) could read, write and understand English, and; (4) did not suffer from mental deficiencies. *Id.* Moreover, the written colloquy form set forth Appellant's constitutional right to a jury trial. Appellant stated on the record that counsel had explained the form to him and that he understood his rights. Appellant then waived those rights and proceeded to a bench trial. Based upon the totality of circumstances, there is no merit to Appellant's ineffective assistance of counsel claim for failing to explain Appellant's right to a jury trial. Thus, Appellant's second claim fails.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2015