J-S39031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SETH THOMAS GRIFFITH, | : | |
| | : | |
| Appellant | : | No. 64 EDA 2015 |

Appeal from the PCRA Order entered on December 8, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No. CP-46-CR-0007121-2009

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 17, 2015**

Seth Thomas Griffith ("Griffith") appeals from the denial of his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 27, 2009, Eileen Bai ("Bai") visited Wal-Mart to drop off a prescription.  While Bai waited for her prescription to be filled, she browsed around the store and inadvertently caught the attention of Griffith.  Griffith followed Bai around the store for approximately forty minutes until Bai picked up her prescription.  Subsequently, Griffith followed Bai into the parking lot, and both individuals got into their vehicles.  Griffith followed Bai to her house, parked his vehicle on the street, and watched Bai enter her home through the garage door.  Thereafter, Griffith entered Bai's home, without permission, through the open garage door.

Once he entered her home, Griffith walked into Bai's bedroom and attempted to forcibly have sex with her. Griffith ripped Bai's panties off her body, and proceeded to rub his fingers on her vagina. Griffith tied a black belt around Bai's neck in an attempt to muffle her cries for help. Bai continued to struggle, and, after twenty to thirty minutes, Griffith left the home and Bai called the police.

On May 28, 2010, a jury convicted Griffith of numerous crimes, including criminal attempt rape and burglary. On December 3, 2010, the trial court imposed a sentence of five and one-half to twenty years in prison on the criminal attempt rape conviction, and a consecutive prison term of three to ten years for the burglary conviction. On November 16, 2011, this Court affirmed the judgment of sentence. *See Commonwealth v. Griffith*, 38 A.3d 921 (Pa. Super. 2011) (unpublished memorandum).

Griffith filed a timely *pro se* PCRA Petition on December 14, 2012. The PCRA court appointed Griffith counsel, who filed an amended PCRA Petition. Following evidentiary hearings, the PCRA court denied the Petition. Griffith filed a timely Notice of Appeal, and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement. Thereafter, the PCRA court issued an Opinion.

On appeal, Griffith raises the following questions for our review:

1. Whether trial counsel rendered ineffective assistance by failing to object to the prosecutor's cross[-]examination of [Griffith's] character witness, Joshua Pendergast

- 2 -

[("Pendergast")], as it denied [Griffith] the right to present evidence of good character, and constituted prejudicial error?

2. Whether trial counsel rendered ineffective assistance by failing to investigate and present good character evidence of Cynthia Perrotta [("Perrotta")], and additional testimony from [Pendergast] and Karen Drabick [("Drabick")] regarding [Griffith's] reputation in the community for being a law-abiding, non-violent and peaceful person?

Brief for Appellant at 6-7.

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. 2011) (citations and quotation marks omitted).

To succeed on his ineffectiveness claims, Griffith must demonstrate by the preponderance of evidence that:

(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hannible,* 30 A.3d 426, 439 (Pa. 2011).

In his first claim, Griffith argues that his trial counsel, John Kravitz, Esquire ("Attorney Kravitz"), was ineffective because he failed to object to the cross examination of a character witness, Pendergast, who testified on behalf of Griffith. Brief for Appellant at 15-16. Griffith contends that Attorney Kravitz should have objected during the cross-examination of Pendergast when he was questioned about Griffith's criminal acts. *Id*. at 16-20. Griffith claims that, contrary to the PCRA court's reasoning, Pendergast did not open the door to the improper cross-examination. *Id*. at 19-20. Griffith contends that Attorney Kravitz's inaction denied him the right to present evidence of good character, and constituted prejudicial error. *Id*. at 16, 21.

> In a criminal case, the defendant may offer character witnesses to testify as to that defendant's reputation in the community regarding a relevant character trait. Of course, the Commonwealth may attempt to impeach those witnesses. For example, when cross-examining character witnesses offered by the accused, the Commonwealth may test the witnesses' knowledge about specific instances of conduct of the accused where those instances are probative of the traits in question. However, the Commonwealth's right to cross-examine character witnesses is not unlimited: the Commonwealth may not cross-examine a character witness about a defendant's uncharged criminal allegations, or a defendant's arrests that did not lead to convictions.

*Commonwealth v. Kruder*, 62 A.3d 1038, 1057 (Pa. Super. 2013) (citations omitted).

Our review of the record shows that Griffith introduced Pendergast as a character witness at trial. N.T., 2/18/14, at 27. Pendergast stated that

- 4 -

Griffith had a good reputation, and that he would personally trust Griffith with anything. N.T., 5/27/10, at 169. On cross-examination, the prosecutor asked Pendergast questions concerning Griffith's criminal acts at issue. *Id*. at 170 (wherein the prosecution asked Pendergast if he would trust Griffith, knowing that he entered Bai's home without permission and tried to rape her). Griffith elicited testimony from Pendergast regarding personal opinions of Griffith, which opened the door for the Commonwealth to cross-examine on what might change these opinions. *See Kruder*, 62 A.3d at 1057. Contrary to Griffith's claim, the cross-examination questions concerning Pendergast's personal opinion of Griffith, in light of the charges against him, were not improper. *See Id*. (stating that where a witness gives his or her personal opinion about the defendant on direct examination, it is not improper for the prosecution to ask that witness if his or her opinion of the defendant might change given the allegations at issue in that case). Thus, the underlying claim is without arguable merit.

Further, Griffith has failed to demonstrate that the outcome of the case would have been different if Attorney Kravitz had objected during the Commonwealth's cross-examination of Pendergast, given Griffith's incriminating statement to police. *See* N.T., 5/27/10, at 47-48 (wherein Griffith admitted that he followed Bai home, entered her home without permission, grabbed a belt and intended to have sex with her with or

without her permission);[1] *see also Commonwealth v. Sepulveda*, 55 A.3d 1108, 1151 (Pa. 2012) (stating that the outcome of the trial proceedings would have been the same given the overwhelming evidence of appellant's guilt revealed through police confessions); *Commonwealth v. Steele*, 961 A.2d 786, 801 (Pa. 2008) (holding that where the evidence overwhelmingly demonstrates appellant's guilt, appellant cannot demonstrate prejudice). Thus, the outcome of the trial proceedings would not have been different even if Attorney Kravitz had objected to the Commonwealth's cross-examination, and Griffith is not entitled to relief.

In his second claim, Griffith argues that Attorney Kravitz was ineffective because he failed to present good character testimony from Perrotta. Brief for Appellant at 22. Griffith asserts that Attorney Kravitz spoke with Perrotta prior to trial, and then failed to call her as a witness. *Id*. at 25. Also, Griffith argues that Attorney Kravitz was ineffective because he failed to ask witnesses Karen Drabick ("Drabick") and Pendergast questions about Griffith's good character in the community as a law-abiding, peaceful person. *Id*. at 23. Griffith contends that the jury could have believed his theory, that the encounter between Bai and himself was consensual, if Attorney Kravitz had asked these questions. *Id*. at 24-25.

---

[1] Previously, this Court concluded that Griffith's confession constituted overwhelming evidence of his guilt, rendering harmless any error regarding the failure to give a jury instruction for character witnesses. *See Griffith*, 38 A.3d 921 (unpublished memorandum at 12-14).

Griffith states that he was prejudiced at trial based on the overall lack of good character evidence. *Id*. at 25-26.

Our review of the record shows that Attorney Kravitz obtained testimony from Drabick and Pendergast related to Griffith's truthfulness. N.T., 2/18/14, at 31. Attorney Kravitz stated that he sought witness testimony that highlighted Griffith's truthfulness, as opposed to his reputation as a law-abiding citizen, in light of Griffith's incriminating statement to police. *Id*. Griffith has failed to show that this trial strategy, given the overwhelming evidence of guilt, was unreasonable. *See Commonwealth v. Michaud*, 70 A.3d 862, 868 (Pa. Super. 2013) (holding that trial counsel was not ineffective for choosing a strategy that did not include good character testimony where the appellant made an incriminating statement, and appellant's "character was likely beyond repair within the fact finder's eyes.").[2]

With regard to Perrotta, we note that when raising a failure to call a potential witness claim, the PCRA petitioner must establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009).

---

[2] As noted above, because Griffith confessed to his crimes, there is no prejudice. *See* 5/27/10, at 47-48; *see also Steele*, 961 A.2d at 801.

Griffith has failed to demonstrate that he was prejudiced by the absence of Perrotta's good character testimony, given the overwhelming evidence of his guilt. **See** N.T., 5/27/10, at 47-48; **see also Sepulveda**, 55 A.3d at 1151. Thus, Griffith's second claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015