J-S29023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KRISTOPHER EUGENE GARNER | |
| Appellant | No. 1388 WDA 2014 |

Appeal from the PCRA Order August 20, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016150-2007

BEFORE: PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED AUGUST 26, 2015**

Appellant, Kristopher Eugene Garner, appeals from the August 20, 2014 order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court has set forth the facts and procedural history of this case as follows.

> This matter arises out of [Appellant]'s conviction after a jury trial on August 27, 2009 of [h]omicide in the [t]hird [d]egree and [c]riminal [c]onspiracy for which he was sentenced to 15 to 30 years for the murder conviction and a consecutive term of 2 ½ to 5 years for conspiracy. The homicide

---

[*] Retired Senior Judge assigned to the Superior Court.

occurred on September 12, 2003 and [Appellant] was arrested on October 17, 2007. [Appellant]'s conviction occurred after three prior trials which occurred on July 14, 2008, October 7, 2008 and May 12, 2009, respectively, all of which ended in mistrials. On appeal of his conviction, the Superior Court, in a memorandum opinion of October 25, 2011, remanded to the trial court for a hearing regarding the alleged recantation of a witness trial testimony, but otherwise affirmed the judgment of sentence. ***Commonwealth v. Garner***, 37 A.2d 1244 (Pa. Super. 2011).

A hearing on the remand was held on March 5, 2012, and on March 9, 2012[,] an order was entered finding that the witness did not knowingly and voluntarily recant his testimony. [On March 13, 2013, Appellant] subsequently filed the instant [m]otion for [r]eduction of [s]entence, which was designated a PCRA [p]etition. In his [a]mended PCRA [p]etition, [Appellant] alleged that he was entitled to additional credit for time served and that trial counsel was ineffective in failing to adequately consult with him concerning accepting or rejecting plea offers made prior to his conviction.

[Appellant] claims that counsel was ineffective in failing to consult with him because in early April or May of 2009 counsel met with [Appellant] and informed him that the Commonwealth had offered to agree to a sentence of 20 to 40 years in exchange for a plea of guilty to [t]hird-[d]egree [m]urder and other charges. [Appellant] allege[s] that counsel informed him not to take the offer. [Appellant] then alleges that:

"During jury selection for the May 2009 trial, Attorney Seman discussed with [Appellant] [the] Commonwealth['s] offers involving agreement on a minimum sentence of 10, 12, and 15 years['] incarceration. Attorney Seman did not advise [Appellant] that an acquittal on all charges would be extremely difficult in light of [Appellant]'s statement that [Appellant] was

present at the scene at the time of the stabbing and in light of Marvin Harpool's testimony regarding [Appellant]'s participation in the assault of the victim. If Attorney Seman advised [Appellant] of the difficulties in obtaining an acquittal, [Appellant] would have accepted any of the offers made during the jury selection process for the May 2009 trial." (Amended PCRA Petition, pp. 13-14)

[On August 7, 2014, a PCRA hearing was held.] At the PCRA hearing[,] trial counsel testified that he represented [Appellant] at each trial, three of which resulted in a mistrial, as well as the fourth trial which resulted in [Appellant]'s conviction. Counsel testified that throughout his representation of [Appellant], there were negotiations and discussions concerning potential plea agreements "almost on a weekly basis while we were going through this[.]" Counsel testified that despite repeated efforts to obtain an acceptable plea offer from the Commonwealth, the Commonwealth never made an offer that was "anywhere near something that [Appellant] was willing to accept and that the only offer actually made was 20 to 40 years." Counsel denied that there were offers made with minimum sentences of 10, 12 or 15 years and that if offers of 10 or 12 years had been made he would have advised [Appellant] to take any such offers. Counsel acknowledged that those numbers were discussed in the context of requesting such an offer, stating:

These are all numbers that Mr. Garner and I discussed, like could we possibly get it. Mr. Garner would say, "Is there any way we could get a 10 to 20. One time he asked me if there was any way he could get a 5 to 10. Just because a number is discussed, certainly, absolutely was not an offer made by the Commonwealth because you know, 10 to 20, I would have told Mr. Garner to consider, if not jump at it."

Counsel reiterated that the only offer actually made was 20 to 40 years and that the Commonwealth already had a co-defendant who was willing to testify against the other two co-defendants, that [Appellant] did not wish to testify and that these factors hampered the ability to obtain an acceptable plea agreement.

[Appellant] testified at the PCRA hearing and acknowledged that various possible agreements were discussed prior to each of his trials. He testified that prior to his first trial the only plea was an "open plea" and that the length of the sentence would be at the discretion of the court. [Appellant] testified that after each of the trials different offers were discussed "until the fourth trial, we had a conversation down in the bullpen. He told me. 'Well, the DA offered a 10 to 20.'" [Appellant] testified that he informed counsel that such an offer "was still a lot" and that in response counsel stated, "I am going to try to get something lower" based on [Appellant]'s prior score of zero, [Appellant] said that he indicated "fine" and counsel left and ret[urned] twenty minutes later and informed [Appellant] that "the deal was off the table."

[Appellant] denied that there was ever an offer of 20 to 40 but that that sentence was discussed in the context of an open plea. He testified that subsequent offers were made of "15 to 30, 12 to 24 and a 10 to 20" and that "[e]ach deal was made before the start of the new trial."

[Appellant] also testified regarding the alleged plea offer of 12 to 24 that:

> **"He said, *"I'd think about it,"* but at the same time, *I'm like*, there wasn't that much - there was nothing against me except a person saying, yeah, I seen him,** and the person just happened to be a liar, so therefore, **it was like his word against mine**[.]" (emphasis added).

- 4 -

[Appellant] then testified that there was an offer made of 10 to 20 and that counsel indicated that he thought he could get it to 4 to 8 with a boot camp recommendation. [Appellant] also testified that he *even as to that sentence* he said "**Man, I'm not too sure**," and he (counsel) said, "Why not?" [Appellant] then indicated that counsel told him that he could "get a 5 to 10 or 6 to 12 on your first offense." It was at that point that [Appellant] told counsel, referencing the 4 to 8, "Fine. If you can get it, then I'll do the time." [Appellant] contends that he would have taken the offer of 10 to 20 even if it included a condition to testify against his codefendant. After consideration of all of the testimony it was determined that [Appellant] failed to meet his burden of establishing that counsel was ineffective in failing to consult with him regarding the plea offer or the risks of proceeding to trial.

PCRA Court Opinion, 1/12/15, at 2-5 (some citations omitted, emphasis and italics in original). Accordingly, on August 20, 2014, the PCRA court denied Appellant's PCRA petition. On August 21, 2014, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issue for our review.

Whether Attorney Seman was ineffective--in violation of Article I, Section 9 of the Pennsylvania Constitution and/or the Sixth and Fourteenth Amendments to the United States Constitution--in failing to adequately consult with defendant about accepting or rejecting the plea offer made prior to the October 7-9, 2008 jury trial in this matter proposing a sentence the minimum of which was 10,

---

[1] Although not ordered to do so, Appellant filed a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). On January 12, 2015, the trial court filed a Rule 1925(a) opinion.

- 5 -

> 12 or 15 years['] incarceration where it is reasonably likely defendant would have accepted that offer after adequate consultation?

Appellant's Brief at 3.

The following principles guide our review of an appeal from the denial of PCRA relief.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 10 A.3d 658, (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. *Id.* § 9543(a)(2)(ii). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

In his sole issue on appeal, Appellant challenges that trial counsel was ineffective. When reviewing a claim of ineffective assistance, we apply the

following test, first articulated by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

**Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." **Commonwealth v. Birdsong**, 24 A.3d 319, 329 (Pa. 2011).

Herein, Appellant argues counsel was ineffective for failing to advise him to take plea offers he alleges the Commonwealth offered. Appellant's Brief at 18-21. Specifically, Appellant asserts the PCRA court erred in believing trial counsel that there were no offers of less than 20 to 40 years imprisonment made by the Commonwealth. **Id.** at 18. After careful review, we conclude Appellant's claim is meritless. **See Michaud**, **supra**. The

PCRA court's Rule 1925(a) opinion thoroughly and accurately sets forth the reasons for its denial of Appellant's claim. A review of the August 7, 2014, PCRA hearing transcript reveals the PCRA court's credibility conclusions are supported by the record. **See Medina**, **supra**. Accordingly, we adopt the opinion of the Honorable Randal B. Todd as our own for purposes of our review. **See** PCRA Court Opinion, 1/12/15, at 5-8.

For the foregoing reasons, we conclude Appellant's issue is without merit. Therefore, discerning no error by the PCRA court, we affirm the August 20, 2014 order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2015

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| COMMONWEALTH OF | ) | CRIMINAL DIVISION |
| PENNSYLVANIA, | ) | |
| | ) | NO:   CC2007-16150 |
| v. | ) | |
| | ) | |
| KRISTOPHER GARNER, | ) | |
| | ) | |
| Defendant. | ) | |

January 12, 2015

TODD, J.

## OPINION

This is an appeal by Petitioner from an order entered on August 20, 2014 denying his PCRA Petitioner after a hearing held on August 7, 2014. Petitioner filed a Motion for Sentence Reduction on March 13, 2013. On April 3, 2013 an order was entered designating the Motion as a PCRA Petition and appointing counsel. On April 24, June 25 and August 5, 2013 orders were entered granting Petitioner's Motions for Extension of Time to File an Amended PCRA Petition. On August 29, 2013 an Amended PCRA Petition was filed and on September 30, 2013 the Commonwealth filed an Answer to the Amended Petition. On November 19, 2013 an order was entered for a hearing on January 8, 2014. On February 11, 2014 an order was entered granting Petitioner's Motion to Correct First Claim in Amended PCRA Petition. On March 14, 2014 an order was entered granting Petitioner additional time credit applicable to his sentence. On August 7, 2014 a hearing was held on Petitioner's claim of ineffectiveness of counsel related to consulting on the plea offer and on August 20, 2014 an order was entered dismissing the

1

EXHIBIT  B

Petition. On August 21, 2014 Petitioner filed a Notice of Appeal to the Superior Court and

Concise Statement of Matters Complained On Appeal which set forth the following:

> "Whether Attorney Seman was ineffective – in violation of Article I, Section 9 of the Pennsylvania Constitution and/or the Sixth and Fourteenth Amendments to the United States Constitution—in failing to adequately consult with Defendant about accepting or rejecting the plea offer made prior to the October 7-9 jury trial in this matter proposing a sentence the minimum of which was 10,12 or 15 years incarceration where it is reasonable likely Defendant would have accepted that offer after adequate consultation?"

## BACKGROUND:

This matter arises out of Petitioner's conviction after a jury trial on August 27, 2009 of

Homicide in the Third Degree and Criminal Conspiracy for which he was sentenced to 15 to 30

years for the murder conviction and a consecutive term of 2 ½ to 5 years for conspiracy. The

homicide occurred on September 12, 2003 and Petitioner was arrested on October 17, 2007.

Defendant's conviction occurred after three prior trials which occurred on July 14, 2008, October

7, 2008 and May 12, 2009, respectively, all of which ended in mistrials. On appeal of his

conviction, the Superior Court, in a memorandum opinion of October 25, 2011, remanded to the

trial court for a hearing regarding the alleged recantation of a witness' trial testimony, but

otherwise affirmed the judgment of sentence. *Commonwealth v. Garner*, 37 A.2d 1244 (Pa.

Super. 2011)

A hearing on the remand was held on March 5, 2012, and on March 9, 2012 an order was

entered finding that the witness did not knowingly and voluntarily recant his testimony.

Petitioner subsequently filed the instant Motion for Reduction of Sentence, which was

designated a PCRA Petition. In his Amended PCRA Petition, Petitioner alleged that he was

entitled to additional credit for time served and that trial counsel was ineffective in failing to

2

adequately consult with him concerning accepting or rejecting plea offers made prior to his conviction.

Petitioner claims that counsel was ineffective in failing to consult with him because in early April or May of 2009 counsel met with Petitioner and informed him that the Commonwealth had offered to agree to a sentence of 20 to 40 years in exchange for a plea of guilty to Third-Degree Murder and other charges. Petitioner alleged that counsel informed him not to take the offer. Petitioner then alleges that:

> "During jury selection for the May 2009 trial, Attorney Seman discussed with Defendant Commonwealth offers involving agreement on a minimum sentence of 10, 12, and 15 years incarceration. Attorney Seman did not advise Defendant that an acquittal on all charges would be extremely difficult in light of Defendant's statement that Defendant was present at the scene at the time of the stabbing and in light of Marvin Harpool's testimony regarding Defendant's participation in the assault of the victim. If Attorney Seman advised Defendant of the difficulties in obtaining an acquittal, Defendant would have accepted any of the offers made during the jury selection process for the May 2009 trial." (Amended PCRA Petition, pp. 13-14)

At the PCRA hearing trial counsel testified that he represented Petitioner at each trial, three of which resulted in a mistrial, as well as the fourth trial which resulted in Petitioner's conviction. Counsel testified that throughout his representation of Petitioner, there were negotiations and discussions concerning potential plea agreements "almost on a weekly basis while we were going through this." (T., p. 4) Counsel testified that despite repeated efforts to obtain an acceptable plea offer from the Commonwealth, the Commonwealth never made an offer that was "anywhere near something" that Petitioner was willing to accept and that the only offer actually made was 20 to 40 years. (T., p. 4) Counsel denied that there were offers made with minimum sentences of 10, 12 or 15 years and that if offers of 10 or 12 years had been made

3

he would have advised Petitioner to take any such offers. (T., p.5) Counsel acknowledged that those numbers were discussed in the context of *requesting* such an offer, stating:

> "These are all numbers that Mr. Garner and I discussed, like could we possibly get it. Mr. Gardner would say, "Is there any way we could get a 10 to 20?" One time he asked me if there was any way he could a 5 to 10. Just because a number is discussed, certainly, absolutely was not an offer made by the Commonwealth because you know, 10 to 20, I would have told Mr. Garner to consider, if not jump at it." (T., p. 6)

Counsel reiterated that the only offer actually made was 20 to 40 years and that the Commonwealth already had a co-defendant who was willing to testify against the other two co-defendants, that Defendant did not wish to testify and that these factors hampered the ability to obtain an acceptable plea agreement. (T., pp.6- 8)

Petitioner testified at the PCRA hearing and acknowledged that various possible agreements were discussed prior to each of his trials. He testified that prior to his first trial the only plea was an "open plea" and that the length of the sentence would be at the discretion of the court. (T., p. 10) Petitioner testified that after each of the trials different offers were discussed "until the fourth trial, we had a conversation down in the bullpen. He told me, 'Well, the DA offered a 10 to 20.'" (T., p.10) Petitioner testified that he informed counsel that such an offer "was still a lot" and that in response counsel stated, "I am going to try to get something lower" based on Defendant's prior score of zero. (T., p. 10) Defendant said that he indicated "fine" and counsel left and returned twenty minutes later and informed Defendant that "the deal was off the table." (T., p. 11)

Defendant denied that there was ever an offer of 20 to 40 but that that sentence was discussed in the context of an open plea. He testified that subsequent offers were made of "15 to 30, 12 to 24 and a 10 to 20" and that "Each deal was made before the start of the new trial." (T., pp. 11-12)

4

Petitioner also testified regarding the alleged plea offer of 12 to 24 that:

> "He said, "*I'd think about it*," but at the same time, *I'm like,* there wasn't that much —there was nothing against me except a person saying, yeah, I seen him, and the person just happened to be a liar, so therefore, it was like his word against mind; his credibility against mine" (T., pp. 12-13) (Emphasis added)

Defendant then testified that there was an offer made of 10 to 20 and that counsel indicated that he thought he could get it to 4 to 8 with a boot camp recommendation. Petitioner also testified that he *even as to that sentence* he said "Man, I'm not too sure," and he (counsel) said, "Why not?" (T., p. 13) Petitioner then indicated that counsel told him that he could "get a 5 to 10 or 6 to 12 on your first offense." (T., p. 13) It was at that point that Defendant told counsel , referencing the 4 to 8, "Fine. If you can get it, then I'll do the time." (T., p. 13) Defendant contends that he would have taken the offer of 10 to 20 even if it included a condition to testify against his codefendant. (T., p. 17) After consideration of all of the testimony it was determined that Petitioner failed to meet his burden of establishing that counsel was ineffective in failing to consult with him regarding the plea offer or the risks of proceeding to trial.

## DISCUSSION

In order to prevail in his claim of ineffective assistance of counsel in failing to consult regarding accepting or rejecting a plea offer, Petitioner must prove that counsel either failed to advise him of the offer or failed to discuss counsel's professional assessments of the risks, hazards, or prospects of proceeding to trial. In *Commonwealth v. Copeland*, 554 A.2d 54 (Pa. Super. 1988), appeal denied, 565 A.2d 1165 (1989) the Court discussed the requirements for trial counsel in advising a client regarding potential plea agreements versus proceeding to trial as follows:

> "The prevailing view among courts which have considered this issue is that counsel has a duty to inform his client of tendered plea agreements and may be

5

found ineffective for failing to do so. (citations omitted) This precise issue has not been before the appellate courts of Pennsylvania. However, in *Commonwealth v. Napper*, 254 Pa.Super. 54, 385 A.2d 521, 10 A.L.R.4th 1 (1978), the Superior Court determined that defense counsel had been ineffective for failing to advise his client regarding the merits of accepting a tendered plea bargain vis-a-vis the dangers of trial. In *Napper*, counsel had informed the defendant that a plea offer had been made, but counsel had failed to give his client professional advice regarding the advantages of accepting the offer and the dangers inherent in rejecting it. Finding this to constitute ineffective assistance of counsel, the Napper Court reasoned:

Defense counsel has a duty to communicate to his client, not only the terms of a plea bargain offer, but also the relative merits of the offer compared to the defendant's chances at trial. See, e.g., A.B.A. Project on Standards for Criminal Justice: Standards Relating to The Prosecution Function and The Defense Function, (Approved Draft, 1971):

Advising the defendant: (a) After informing himself fully on the facts and the law, the lawyer should advise the accused with complete candor concerning all aspects of the case, including his candid estimate of the probable outcome. (b) It is unprofessional conduct for a lawyer intentionally to understate or overstate the risks, hazards or prospects of the case to exert undue influence on the accused's decision as to his plea. Id., The Defense Function § 5.1 (emphasis added).

See also I Amsterdam, Segal and Miller, Trial Manual for the Defense of Criminal Cases (1967):

The decision whether to plead guilty or contest a criminal charge is probably the most important single decision in any criminal case. This decision must finally be left to the client's wishes; counsel cannot plead a man guilty, or not guilty, against his will. But counsel may and must give the client the benefit of his professional advice on this crucial decision, and often he can protect the client adequately only by using a considerable amount of persuasion to convince the client that one course or the other is in the client's best interest. Such persuasion is most often needed to convince the client to plead guilty in a case where a not guilty plea would be totally destructive. Id. at 2-143". *Commonwealth v. Copeland*, 554 A.2d 54, 60 (1988)

Considering the proof necessary to establish trial counsel's ineffectiveness in failing to consult with him concerning accepting or rejecting a plea offer, it is clear that Petitioner has failed to meet his burden. Trial counsel credibly testified that despite that fact that there were numerous discussions throughout his representation concerning the plea negotiations, which

6

included the *possibility* of minimum terms of 4, 10, 12 and 15 years, these discussions did not constitute specific offers which Petitioner was given the option by the Commonwealth to accept or reject. It is clear from the testimony that counsel and Petitioner discussed, repeatedly and at length, the range of possible sentences, Petitioner's prior record score and the evidence with which he would be confronted at trial. It is also incredible for Petitioner to assert that by the time of the fourth trial he was unaware of the trial process, the evidence that would be presented against him, and the risks or hazards with proceeding to trial. In fact, Petitioner's own testimony indicates that when an offer of 12 to 24 was allegedly discussed, which counsel told him he "should think about," that Petitioner evaluated the evidence and felt that there was "not that much" against him, that is, only one witness against him and that it was a question of his credibility versus the credibility of the witness. Therefore, contrary to the allegation that counsel failed to advise Petitioner that an acquittal on all charges would be difficult in light of his admission that he was present at the scene and the witness statement that he participated in the assault, Petitioner's own testimony establishes that he weighed and considered that testimony.

It is clear that Petitioner was fully advised and aware of all of the risks, hazards and potential outcomes of proceeding to trial and elected to do so. Petitioner has not alleged or established that there was any new evidence, witnesses, facts or circumstances that arose before his fourth trial that he was unaware of or that counsel failed to discuss with him. There is no evidence that a specific plea offer was made that counsel failed to inform him of. In addition, there is nothing in the record that indicates that Petitioner actually instructed counsel to accept a plea offer and counsel refused to do so, contrary to his instructions.

Petitioner's testimony is also contradictory. While he testified that he would have accepted an offer of 10 to 20 years, he also testified that when that alleged offer was discussed,

7

he told counsel, "Man, I am not to sure" and it was only when counsel said that he would try to get 4 to 8 years with a boot camp recommendation that he indicated that he "would do the time," however such an offer was never made by the Commonwealth. The evidence establishes that Petitioner knowingly, intelligently and voluntarily elected to proceed to trial and that counsel was not ineffective in failing to consult with him regarding accepting or rejecting any plea offer or the risks, hazards or potential outcomes associated with proceeding to trial. Therefore, Petitioner's PCRA Petition was appropriately dismissed.

BY THE COURT:

TODD, J.

8