J-S53012-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARMANDO VAZQUEZ, JR., | : | |
| | : | |
| Appellant | : | No. 1984 MDA 2014 |

Appeal from the PCRA Order November 14, 2014,
Court of Common Pleas, York County,
Criminal Division at No. CP-67-CR-0008622-2012

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 28, 2015**

Appellant, Armando Vazquez, Jr. ("Vazquez"), appeals from the order entered on November 14, 2014 in the Court of Common Pleas, York County, denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm.

A summary of the facts and procedural history is as follows.  On March 27, 2012, police officers executed a search warrant at Vazquez's residence.  During the search, police officers recovered cocaine packaged for sale, cash, a digital scale, drug packaging, marijuana, a loaded Glock 9mm handgun, and several boxes of ammunition.  Vazquez was arrested and charged with possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30), conspiracy, 18 Pa.C.S.A. § 903, persons not to possess

_____

[1]  42 Pa.C.S.A. §§ 9541-46.

firearms, 18 Pa.C.S.A. § 6105(a)(1), and possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31)(i).

Trial commenced on August 2, 2013. At the outset, the Commonwealth informed the court that the parties agreed to proceed with a stipulated bench trial. N.T., 8/2/13, at 1. The Commonwealth stated,

> …the parties have agreed that the Commonwealth will put facts on the record through the affiant, Detective [Scott] Nadzom, and then assuming that that is sufficient for the [c]ourt to find [Vazquez] guilty, we had agreed on an aggregate sentence of 5 to 10 years in the state correctional institution, plus costs of prosecution.
>
> The reason for proceeding in this manner [is] so that [] Vazquez can [] accept the Commonwealth's offer, but at the same time retain his right to appeal the [c]ourt's decision with regards to the omnibus pre-trial motion filed with regards to the search warrant.[2]

*Id*. at 1-2 (footnote added).

After Detective Nadzom testified, the trial court found Vazquez guilty of possession with intent to deliver, persons not to possess firearms, and possession of marijuana, and imposed the agreed upon sentence of five to ten years imprisonment. The trial court then realized that it previously failed

---

2 On April 29, 2013, Vazquez filed an omnibus pre-trial motion to suppress "all items seized and utilized as the basis for prosecution and any statements made" arguing that the search warrant was defective and that the subsequent search was unlawful. Following a hearing on July 24, 2013, the trial court dismissed Vazquez's motion, finding that there was sufficient probable cause for the search warrant. *See* Order, 7/24/13, at 1.

to conduct an on the record colloquy regarding Vazquez's waiver of a jury trial, and engaged in the following colloquy:

> THE COURT: All right. Mr. Vazquez, I probably should have gone over with you -- this with you before we started the trial. You understand you would have the right to go to trial in front of a jury and present your case to a jury?
>
> [VAZQUEZ]: Yes. My counsel she made me aware of that.
>
> THE COURT: All right. At a jury trial the state would have to prove your guilt beyond a reasonable doubt to twelve people rather than just the judge. Do you understand that?
>
> [VAZQUEZ]: Yes, sir.
>
> THE COURT: Did you have enough time to talk to your attorney about proceeding that way?
>
> [VAZQUEZ]: Yes, Your Honor.
>
> THE COURT: And was that your decision to proceed without a jury trial?
>
> [VAZQUEZ]: That's correct.
>
> THE COURT: You don't wish to change your mind at this time?
>
> [VAZQUEZ]: No, Your Honor. I mean no, I don't. Other than, you know, I wish I could run that time together. My probation time together, but that's a no.
>
> THE COURT: I understand that.
>
> [VAZQUEZ]: Other than that, no, Your Honor.

> THE COURT: Assuming you were convicted regardless of how you were convicted of the offense, my inclination would not be to run it together. But as I said, I would not impose the 4 years that they recommended.
>
> [VAZQUEZ]: I appreciate that.
>
> THE COURT: Has anyone forced you or threatened you other than the plea agreement, promised you anything to get [] you [to] give up your right to a jury trial?
>
> [VAZQUEZ]: No.
>
> THE COURT: We will just ask you to sign this.

*Id*. at 17-18. Vazquez thereafter signed a standard "Waiver of Jury Trial" form.

On August 14, 2013, Vazquez filed an appeal from his judgment of sentence. On appeal, Vazquez claimed that the search warrant was deficient under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. On May 23, 2014, a panel of this court affirmed the judgment of sentence. Vazquez filed an untimely petition for allowance of appeal to our Supreme Court on August 11, 2014.

On September 3, 2014, Vazquez filed a writ of habeas corpus, which the lower court construed as a PCRA petition. The PCRA court appointed counsel on September 18, 2014 and proceeded to a hearing on November 14, 2014. The only issue raised at the PCRA hearing was "whether or not the timing of the colloquy was proper and whether it rendered the finding of

guilt moot." N.T., 11/14/14, at 2. Vazquez did not offer any testimony. Instead, counsel for Vazquez stated, "I don't believe any testimony is required since it's up to the [c]ourt to determine whether or not it remedied any error by engaging in the colloquy and giving [] Vazquez an opportunity to withdraw his decision to engage in a bench trial and, in fact, go to jury trial." *Id.* at 2. Vazquez requested the PCRA court to grant a new trial. *Id.* at 2-3.

At the conclusion of trial, the PCRA court denied relief, stating:

> [Vazquez] does not offer any testimony at the Post Conviction Hearing that he was forced or coerced into giving up his right to a jury trial. He does not argue that his counsel was ineffective for failing to advise him of his right to a jury trial. And does not contest the fact that apparently he knew from the outset that the case was going to proceed as a nonjury trial.
>
> * * *
>
> We conclude based on all the circumstances that [Vazquez] was well aware of his right to have a jury trial and that he voluntarily waived that right to a jury trial. At no time during the course of the proceedings did he voice any objections to the case proceeding as a nonjury trial and at the conclusion when he was offered the opportunity to change his mind, he chose not to do so.
>
> * * *
>
> Even if we did make an error, [Vazquez] has not shown how he has been prejudiced other than he would receive a right to a jury trial. The outcome of such a jury trial is open to speculation at best, but

[Vazquez] has not shown a reasonable probability that the outcome would be any different.

Accordingly, we cannot conclude that [Vazquez] has shown that he is entitled to relief under the [PCRA], and, therefore, we deny his request for relief[.]

N.T., 11/14/14, at 9-10.

On November 20, 2014, Vazquez filed a timely notice of appeal, raising the following issue for our review:

I. Did the PCRA Court err when it denied [Vazquez's] request for relief wherein the [t]rial [c]ourt found him guilty following a non-jury trial and imposed sentence prior to engaging him in a jury trial waiver?

Vazquez's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. Super. 2014) (citing *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011)). A PCRA petitioner must establish the claim by a preponderance of the evidence. *Commonwealth v. Gibson*, 925 A.2d 167, 169 (Pa. 2007).

In this case, Vazquez argues that the record does not support the PCRA court's determination. Vazquez's Brief at 11. Vazquez asserts that based upon the totality of the circumstances, "the record fails to establish that [he] knowingly, intelligently, and voluntarily gave up his right to a jury

trial and as a result, he was prejudiced." *Id.*   Instead, Vazquez contends that there is no evidence regarding the specific discussions between Vazquez and his attorney about a jury trial; that the colloquy conducted by the trial court "did not explain to [him] in detail what a right to a trial by jury entailed[;]" and that the trial court failed to inquire whether Vazquez's attorney reviewed the jury trial waiver form with him prior to signing the form to demonstrate that Vazquez knowingly, intelligently, and voluntarily waived his right to a jury trial.  *Id.*

Vazquez, however, raises these arguments for the first time on appeal. At the PCRA hearing, Vazquez expressly limited his claim for relief to whether or not the timing of the colloquy was proper.  *See* N.T., 11/14/14, at 2.  Vazquez did not allege at any time during the hearing that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial, and therefore, Vazquez's arguments on appeal are waived.   *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Nevertheless, even if Vazquez preserved this argument, we would find it to be meritless.  Rule 620 of the Pennsylvania Rules of Criminal Procedure governs the waiver of a jury trial and provides as follows:

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury.  The judge shall ascertain from the defendant

> whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

In a nearly identical scenario, in ***Commonwealth v. Michaud***, 70 A.3d 862 (Pa. Super. 2013), the trial court failed to conduct an on-the-record colloquy with regard to the appellant's jury trial waiver prior to the start of the bench trial. The trial court in that case realized its omission after the prosecution closed its case and conducted an on-the-record colloquy at that time. ***Id.*** at 871. During the colloquy, the appellant stated on the record that he did not wish to have a jury trial, expressed his intention to waive the jury trial, and signed a waiver form. ***Id.*** at 872-73.

On appeal, the appellant claimed that his jury trial waiver was unintelligent, unknowing, and untimely. ***Id.*** at 873. Appellant asserted that "once the trial court began the trial without an oral colloquy, the only option was to order a mistrial." ***Id.*** (citation omitted). This Court disagreed, however, concluding that "the mere absence of an on-the-record colloquy, alone, does not prove that a defendant unknowingly and unintelligently waived his right to a jury trial." ***Id.*** (citing ***Commonwealth v. Mallory***, 941 A.2d 686, 697 (Pa. 2008).

The **Michuad** Court further rejected the appellant's claim that he "made his decision to proceed with his bench trial without the understanding that he had the right to a jury trial[,]" stating,

> …the on-the-record colloquy between the trial court and Appellant evidences that, in light of the procedural mishap, the trial court very clearly offered Appellant the option to re-try his case, this time in front of a jury of his peers. Appellant expressly declined that offer. Nothing within the trial court's colloquy or the testimony and evidence introduced at the PCRA hearing can be interpreted to imply that Appellant was misled to believe that his choice was limited to a bench trial. Therefore, the record belies Appellant's claim that he waived his right to a jury trial based upon a misunderstanding of his options.

*Michaud*, 70 A.3d at 874.

As in **Michaud**, the record in this case evidences that although the trial court failed to conduct a colloquy prior to trial beginning, the trial court ultimately conducted a colloquy on the record, and asked Vazquez to confirm that he spoke with his attorney regarding his rights and that he understood his right to a jury trial. Vazquez confirmed that his counsel made him aware of his right to a trial by jury, that he had enough time to speak with his attorney about proceeding with a bench trial, and that he understood that in a jury trial, the Commonwealth would have to prove his guilt beyond a reasonable doubt to twelve people rather than just one judge as in a bench trial. The trial court expressly asked Vazquez if he wished to change his mind about proceeding to a bench trial, to which Vazquez responded, "No,

your Honor." N.T., 8/2/13, at 18. Thus, we conclude that the evidence of record supports the PCRA court's determination that Vazquez understood his rights, and knowingly and voluntarily waived his right to a jury trial. We are unable to discern of any error in the PCRA court's determination.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015