**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Joseph H. MICHAUD, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 2013.

Filed July 11, 2013.

John B. Elbert, Philadelphia, for appellant.

Risa V. Ferman, District Attorney, Norristown, for Commonwealth, appellee.

BEFORE: LAZARUS, OLSON and FITZGERALD,* JJ.

OPINION BY OLSON, J.:

Appellant, Joseph H. Michaud, appeals from the order entered May 17, 2012, denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 ("PCRA"). We affirm.

The PCRA court summarized the relevant factual and procedural background of this matter as follows.

> On December 17, 2010, the Commonwealth filed an [i]nformation charging [Appellant] with [a]ggravated [i]ndecent [a]ssault,[1] [u]nlawful [c]ontact or [c]ommunication with a [m]inor,[2] [i]ndecent [a]ssault of a [p]erson [l]ess than 13 [y]ears of [a]ge,[3] and [c]orruption of [m]inors.[4] The charges arose from an incident that occurred sometime between September 2006 and September 2007 in Montgomery Township, Montgomery County, when [Appellant][5] reached his right hand inside the shorts of a then—nine or 10-year-old girl[6] and rubbed her vagina with his finger. The victim was a neighbor of [Appellant's] at the time of the incident.
>
> The case proceeded to a bench trial on May 18, 2011. The evidence consisted of, *inter alia,* testimony from the victim, a recorded conversation between [Appellant] and an acquaintance and [Appellant's] statement to police. During both the recorded statement and the statement to police, [Appellant] admitted to touching the nine- or 10-year-old victim, but indicated that she had enticed him. The victim testified, *inter alia,* that [Appellant] moved his finger "[l]ike around, like, the outside, but like it wasn't on the outside. It was still in." [Appellant], as was his right, did not testify. Instead, his attorney Brian Smith, Esquire, attempted to challenge the Commonwealth's evidence on the issue of penetration, which is a required element for the charge of [a]ggravated [i]ndecent [a]ssault.
>
> On April 28, 2011, the [trial court] found [Appellant] guilty of all charges. On July 25, 2011, the court sentenced [Appellant] under a mandatory minimum sentencing scheme to five to 15 years imprisonment.
>
> On August 2, 2011, [Appellant], through newly[-]retained counsel, John B. Elbert, Esquire, filed a [p]ost-[v]erdict [m]otion in which he stated that he intended to file an appeal challenging the effectiveness of trial counsel, Brian Smith, Esquire. The sole relief requested in the [p]ost-[v]erdict [m]otion was that [Appellant's] bail be reinstated pending the outcome of the proposed appeal. On August 10, 2011, [the trial court] issued an [o]rder denying the [p]ost-[v]erdict [m]otion.
>
> On August 31, 2011, [Appellant], through attorney Elbert, filed a [n]otice of [a]ppeal with the Superior Court. He also

---

* Former Justice specially assigned to the Superior Court.

1. 18 Pa.C.S.A. § 3125(a)(7).

2. 23 Pa.C.S.A. § 6381(a)(1).

3. 18 Pa.C.S.A. § 3126(a)(7).

4. 18 Pa.C.S.A. § 6301(a)(1).

5. Appellant was born May 20, 1935.

6. The victim was born September 29, 1997.

filed an emergency motion for reinstatement of bail with the Superior Court. The Superior Court issued an [o]rder dated September 12, 2011, directing that [the trial court] hold a hearing on the emergency bail motion. In response, [the trial court] scheduled a hearing on the motion for October 4, 2011. But on September 15, 2011, the Superior Court issued another [o]rder stating the appeal had been discontinued. As a result, the Superior Court stated the [o]rder directing [the trial court] to hold a hearing was moot.

On September 23, 2011, [Appellant] through attorney Elbert, filed a "[p]reliminary [p]etition [u]nder the PCRA." He also filed an emergency request for bail, which the [trial] court denied without a hearing. On December 13, 2011, [Appellant], through attorney Elbert, filed an [a]mended [p]etition [u]nder the [PCRA], raising the following three issues:

1. Trial counsel was ineffective for failing to receive a list of character witnesses and present [Appellant's] good character;

2. Trial counsel was ineffective for not preparing [Appellant] to testify and advising him to waive his right to testify; and

3. Trial counsel was ineffective for failing to have a pre-trial colloquy to confirm [Appellant's] choice to proceed by way of bench trial.

[The PCRA court] held hearing on the [a]mended PCRA [p]etition on January 27, 2012 and March 2, 2012. [Appellant] testified and presented testimony from four purported character witnesses and trial counsel.

On May 17, 2012, the [PCRA] court issued an [o]rder denying the [a]mended PCRA [p]etition. [Appellant] filed a counseled [n]otice of [a]ppeal on June 15, 2012. On June 25, 2012, [the PCRA court] issued an [o]rder directing [Appellant] to file and serve a [c]oncise [s]tatement of [i]ssues [c]omplained of on [a]ppeal within 21 days in conformance with Pennsylvania Rule of Appellate Procedure 1925(b). On July 13, 2012, [Appellant], through counsel, filed a [p]etition [s]eeking [p]ermission to [f]ile [n]otice of [a]ppeal *[n]unc [p]ro [t]unc.* The [p]etition was based upon counsel's belief that he had not timely perfected appeal.

On August 2, 2012, [Appellant], through counsel, filed [m]otion for [e]nlargement of [t]ime to [f]ile a 1925(b) [statement]. The [m]otion acknowledged counsel's mistake regarding the filing of the appeal and asked permission to file a [c]oncise [s]tatement outside of the time prescribed in the [PCRA] court's [o]rder of June 25, 2012. On August 6, 2012, [Appellant], through counsel, filed and served a [c]oncise [s]tatement. On August 7, 2012, [the PCRA] court issued an [o]rder granting the [m]otion for [e]nlargement of [t]ime and accepted the [c]oncise [s]tatement filed on August 6, 2012.

PCRA Court Opinion, 8/14/2012, at 1–4 (footnotes in original, citations to the record omitted). On August 14, 2012, the PCRA court issued a Rule 1925(a) opinion. This appeal followed.

Appellant presents three issues on appeal:

Did the PCRA court err in denying Appellant PCRA relief as a result of trial counsel's failure to conduct any investigation and properly present evidence of Appellant's good character to the trial court?

Did the PCRA court err in denying Appellant PCRA relief as a result of trial counsel's ineffective instruction urging Appellant to waive his right to testify?

Did the PCRA court err in denying Appellant PCRA relief as a result of trial counsel['s] and the lower court's failure to advise Appellant of his right to a jury trial prior to the start of the bench trial?

Appellant's Brief at 3.

■ Our standard of review of a PCRA court's denial of petition for relief is well-settled. We review an order of the PCRA court to determine whether the record supports the findings of the PCRA court and whether its rulings are free from legal error. *Commonwealth v. Fiore*, 780 A.2d 704, 710 (Pa.Super.2001), *appeal dismissed*, 572 Pa. 568, 817 A.2d 1080 (2003). To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the reasons set forth in 42 Pa.C.S.A. § 9543(a)(2). In this case, Appellant alleges that his conviction and sentence resulted from ineffective assistance of counsel, as set forth at 42 Pa.C.S.A. § 9543(a)(2)(ii).

■ "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa.Super.2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. *Id.* at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." *Id.*

■ To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction;

and (3) counsel's ineffectiveness prejudiced him. *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa.Super.2003).

■ Furthermore:

[t]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. When it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of whether the first two prongs have been met. Failure to meet any prong of the test will defeat an ineffectiveness claim. Counsel is not ineffective for failing to raise meritless claims.

*Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 148–149 (2008) (citations omitted); *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693 (1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

■ Within his first issue on appeal, Appellant argues that his trial counsel was ineffective for failing to present evidence of Appellant's good character in the form of testimony from three proffered witnesses. Appellant's Brief at 8–11. "Where a[n appellant] claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well an adequate assertion that the substance of the purported testimony would make a difference in the case." *Commonwealth v. Clark*, 599 Pa. 204, 961 A.2d 80, 90 (2008). With respect to such claims, our Court has explained that:

the [appellant] must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

*Commonwealth v. Brown,* 767 A.2d 576, 581–582 (Pa.Super.2001), *quoting Commonwealth v. Fletcher,* 561 Pa. 266, 750 A.2d 261, 275 (2000), *abrogated on other grounds by Commonwealth v. Freeman,* 573 Pa. 532, 827 A.2d 385 (2003). Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense. *Commonwealth v. Auker,* 545 Pa. 521, 681 A.2d 1305, 1319 (1996). "A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Id.*

■ In this matter, Appellant argues that trial counsel was ineffective in failing to present the testimony of character witnesses Tina Spencer, Jeffrey Spencer, and Charles Baley. Appellant's Brief at 8. According to Appellant, all three witnesses were available to testify at Appellant's trial, and would have testified as to Appellant's good reputation within the community. *Id.*

At the PCRA hearing, however, trial counsel testified that in light of Appellant's admission to having inappropriately touched the victim, Appellant's conduct amounted to, at least, indecent assault of a person less than 13 years of age. N.T., 1/27/2012, at 62–65. Therefore, the trial strategy for Appellant's defense focused upon contesting the Commonwealth's evidence of penetration, which is a necessary element to establish aggravated indecent assault. *Id.* Considering the evidence against Appellant, and his defense strategy, trial counsel believed that character evidence would have been of little help to Appellant's case. *Id.*

On appeal, Appellant argues that, even accepting that the defense strategy was to challenge penetration, evidence of his good character should have been presented to the trial court. Appellant's Brief at 8–11. Appellant argues that character evidence, alone, can create reasonable doubt, and that given the victim's inconsistent testimony regarding penetration, evidence of Appellant's good character may have swayed the trial court on that credibility determination. *Id.* at 10.

After review of the certified record, we find no legal error in the PCRA court's determination that trial counsel's decision not to present character testimony was part of a reasonable trial strategy. Trial Court Opinion, 8/14/2012, at 6. Indeed, considering that Appellant, who was over 75 years-old, admitted to having inappropriately touched a 10 year-old victim, Appellant's character was likely beyond repair within the fact finder's eyes. Therefore, counsel focused the court on challenging the evidence of penetration, rather than distract it with disingenuous accounts of Appellant's moral turpitude. Such a decision was a reasonable trial strategy, which does not amount to ineffective assistance of counsel. *See Commonwealth v. Williams,* 557 Pa. 207, 732 A.2d 1167, 1189 (1999) ("A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.") Appellant's first issue on appeal lacks merit.

■ Appellant's second issue on appeal argues that trial counsel was ineffec-

tive for failing to properly advise him about his right to testify in his own defense. Appellant's Brief at 12–13. As our Supreme Court explained in *Commonwealth v. Nieves*, 560 Pa. 529, 746 A.2d 1102 (2000):

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Id.* at 1104 (citations omitted).

■ In this matter, Appellant claims that trial counsel merely told him that he should not testify. Appellant's Brief at 13. Appellant claims that counsel did not explain to him that it was his absolute right to testify, nor did he explain why it might be inadvisable for Appellant to testify. *Id.* Appellant argues that counsel had no reasonable trial strategy for failing to properly advise him of his right to testify, and if he had been properly advised, he would have taken the stand in his own defense. *Id.* at 12. Therefore, Appellant argues that trial counsel's failure to properly advise him of his right to testify amounts to ineffective assistance of counsel, entitling him to a new trial. *Id.*

At the PCRA hearing, however, trial counsel testified that, prior to trial he and Appellant had multiple conversations regarding Appellant's right to testify. N.T.,

1/27/2012, at 71–72. Counsel explained that he advised Appellant not to testify because he did not want the prosecutor to "grill" Appellant about his incriminating statements. *Id.* Counsel testified that Appellant agreed and expressly stated that he did not want to testify. *Id.*

Following the PCRA hearing, the PCRA court considered Appellant's and trial counsel's conflicting testimony, and accepted counsel's recollection of events, finding that Appellant's testimony lacked credibility. Absent Appellant's own self-serving testimony, the PCRA court observed that Appellant presented no evidence that counsel interfered with his right to testify or provided unreasonable advice in that regard. Therefore, the PCRA court found that Appellant failed to adequately establish that trial counsel was ineffective in his counseling of Appellant on his right to testify.

■ We find no error with the PCRA court's determination. Indeed, absent Appellant's testimony, which the PCRA court found unworthy of belief, there is no evidence within the record to support Appellant's claim that he was not properly advised of his right to testify. To the contrary, accepting trial counsel's testimony, Appellant was, in fact, adequately informed of his rights. Furthermore, counsel's concern that the Commonwealth would have "grilled" Appellant regarding his confessions was well-founded and part of a reasonable trial strategy. Therefore, Appellant fails to sustain his burden of establishing ineffective assistance of counsel in this regard. Appellant's second issue on appeal lacks merit.[7]

---

7. Portions of Appellant's second issue on appeal also attempt to argue that the trial court erred in failing to adequately colloquy Appellant about whether he knowingly, intentionally, and voluntarily waived his right to testify. Appellant's Brief at 13. That issue, however, is waived for PCRA purposes, as it could have been raised on direct appeal. *See* 42 Pa. C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived [for PCRA pur-

Appellant's third issue on appeal argues that trial counsel provided ineffective assistance of counsel with regard to Appellant's waiver of his right to a jury trial. Appellant's Brief at 14–17. Our Supreme Court addressed such a claim in *Commonwealth v. Mallory*, 596 Pa. 172, 941 A.2d 686 (2008). There, the Court began its analysis by explaining that:

[t]he right to trial by jury is enshrined in both the U.S. and Pennsylvania Constitutions. *See* U.S. Const. amend. VI; Pa. Const. art. I, § 6. The importance of the right is recognized by the procedural protections in Rule 620 of this Court's Criminal Procedural Rules, which provides that:

In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

. . .

The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. "The[ ] essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unan-

imous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Williams* [454 Pa. 368], 312 A.2d 597, 600 (Pa. 1973); *accord Commonwealth v. Smith* [498 Pa. 661], 450 A.2d 973, 974 (Pa. 1982). Notwithstanding the Rule's reference to a "colloquy on the record," the use of a written jury trial waiver form has been deemed sufficient in the absence of an oral jury trial waiver colloquy. *Williams*, 312 A.2d at 599–600 (rejecting request for per se prophylactic rule requiring relief whenever Rule 1101 (predecessor to Rule 620) is violated; if other evidence proves waiver was knowing and voluntary, purpose of Rule is served); *Smith*, 450 A.2d at 974 (written waiver form "must be accorded prima facie validity").

A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right." Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or by implication, as in the case of a criminal trial conducted in absentia after the defendant fails to appear. *See Commonwealth v. Wilson* [551 Pa. 593], 712 A.2d 735, 737 (Pa. 1998). Moreover, the absence of an on-the-record colloquy concerning the fundamentals of a trial by jury does not prove, in an absolute sense, that a defendant failed to understand the right he waived by proceeding non-jury. Consider, for example, a criminally-accused lawyer who waives a jury. Or, consider a career criminal defendant with previous, first-hand experience with jury trials. Or, imagine a reasonably intelligent client whose lawyer informed him, off the record, of the three basics of a jury

poses] if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state

postconviction proceeding.") Therefore, we need not consider Appellant's challenge to the trial court's colloquy.

trial. The record colloquy contemplated by Pa.R.Crim.P. 620 serves a salutary prophylactic purpose, as it makes it plain that a jury waiver is knowing and voluntary, and it creates a record in the event of a later, collateral attack upon the waiver. For the same twin reasons, an on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, *e.g.*, waiver of a trial, waiver of the right to counsel, waiver of the right to call witnesses, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc. But the colloquy does not share the same status as the right itself.

. . .

Recognizing that the claim here involves a collateral attack focusing upon the Sixth Amendment right to counsel, and that the collateral attack only indirectly implicates the distinct constitutional right to a jury trial and the Rule-based "right" to an oral waiver colloquy, is paramount to its proper evaluation. Of course, lawyers have an obligation to counsel their clients in conjunction with the waiver of basic rights, including the waiver of a jury; but the mere absence of a record oral waiver colloquy does not automatically prove that a right was relinquished unknowingly or involuntarily and that the trial lawyer was ineffective for causing the waiver. When a presumptively-valid waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim. Such an inquiry is not resolved by the mere absence of an oral waiver colloquy; instead, the analysis must focus on the totality of relevant circumstances. Those circumstances include the defendant's knowledge of and experience with jury trials, his explicit written waiver (if any), and the content of relevant off-the-

record discussions counsel had with his client. *See Commonwealth v. Allen* [557 Pa. 135], 732 A.2d 582, 590 (Pa.1999) (rejecting *per se* approach and holding that trial court should determine defendant's actual knowledge in guilty plea colloquy context by looking at totality of circumstances to distinguish whether plea was voluntarily, knowingly, and intelligently made); *Commonwealth v. De-George* [506 Pa. 445], 485 A.2d 1089, 1091–1092 (Pa.1984) (permitting "consideration of circumstances outside the content of the off-record colloquy in determining the validity of the waiver" when counsel allegedly was ineffective for failing to object to trial court's acceptance of defendant's jury waiver without first conducting on-the-record colloquy); *see also Commonwealth v. O'Donnell* [559 Pa. 320], 740 A.2d 198, 215–219 (Pa.1999) (Castille, J., dissenting) (collecting and discussing cases).

*Mallory,* 941 A.2d at 696–698 (parallel citations and footnotes omitted).

Within this matter, the trial court and both parties acknowledge that the trial court did not conduct an on-the-record jury trial waiver colloquy prior to the start of Appellant's bench trial. Rather, at the close of the prosecution's case, the trial court realized its omission and, at that time, conducted an on-the-record colloquy. The lengthy colloquy, in its entirety, reads as follows:

THE COURT: All right. Mr. Michaud, at this stage the law requires any time that you—you have an absolute constitutional right to proceed to trial by jury. And that right remains with you unless you waive that right and you elect to go to trial before a judge, what's known as a bench trial. And in this particular case you have that right and you have the right even up to now.

I recognize that if I proceed and you never waive a jury trial, that that would be a violation of your rights. And if you were convicted of something, that would be grounds for reversing this case and remanding it to have to come back for a trial at another time.

So this falls under the category of now I've realized it. We have actually conducted a full trial and, therefore, I am duty-bound to give you the right if you so choose to say thank you, Judge, but please do not issue a verdict, I am going to go to trial by jury.

And it would be—I recognize this is somewhat onerous, but we have not at this stage completed the trial, so therefore it would be quite proper to do that if that was your choice.

Or you have the choice, if you wish, to then say, Judge, I recognize we've gone through a trial and I wish to waive my right to a jury trial now. And I know that you've given me the right to almost have what we call a do-over, if you will, because your right to having a jury trial is so paramount, it's the most important of all rights, meaning that's what we ground our criminal justice system on. It was simply an oversight of counsel and now the Court not catching that oversight to actually get that waiver of record. We've caught it. **But do you wish to have a jury trial in this matter?**

THE DEFENDANT: **No, sir.**

THE COURT: Okay. Now, if you do not wish to have a jury trial, you recognize that you are now then waiving that jury trial after a trial has been held?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And is that your intention to do that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And do you need any further time to discuss that with Mr. Smith?

THE DEFENDANT: No, sir.

THE COURT: Okay. All right. You have before you—have you gone over the document with him? Why don't you take your time to do that now.

MR. SMITH: And I may have one further question if it would be beneficial for the Court, and that is, Mr. Michaud, on Monday when we were here during pretrial, we had this discussion outside of court as well in court; is that correct?

THE DEFENDANT: Yes.

MR. SMITH: And at that point was it your intention on the in-court discussion that you were waiving a jury trial then?

THE DEFENDANT: I was.

THE COURT: And I remember that. It's just—the problem is when you commence the trial, you're required under law to make sure that he has on the record gone over the rights. To simply say that I want a bench trial is one thing, but I'm going to explain exactly what it means to go to a jury trial—to waive a jury trial.

MR. SMITH: Your Honor, I have reviewed the waiver form with Mr. Michaud and we have all signed it.

THE COURT: Mr. Michaud, I have a document here called a waiver of jury trial and I've explained the unusual nature of this. And again, I do recognize on the record that when we had completed the pretrial matter in this case, you had indicated that you were intending to have a trial by bench. And at that time on Monday when you had made that election and your attorney had said it on the record, do you feel at that time you knew what it meant to go to a trial by bench, by judge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did he explain to you that you would have a right to a jury and that would be 12 members of the community who would be chosen from the voter registration or the driver registration rolls and that you would be able to select those jurors or deselect, meaning not have certain people on the jury, and you would be able to assist him in choosing a jury?

THE DEFENDANT: Yes, sir.

THE COURT: And that the jury's verdict would have to be unanimous, where if it's by a judge, only one person hears it. If it's a trial by jury, it would be 12 people would have to unanimously agree. Did he explain that?

THE DEFENDANT: Yes, sir.

THE COURT: So you knew that Monday when you said I elect for a bench trial?

THE DEFENDANT: Yes, sir.

THE COURT: And today you've gone over that waiver of a jury trial with your counsel and you do understand again that we would have had a jury panel here and you would have been able to assist in the selection of that jury?

THE DEFENDANT: Yes, sir.

THE COURT: And that they would have sat and that all 12 of them would have to agree as to your guilt or innocence?

THE DEFENDANT: Yes, sir.

THE COURT: And you would have had the right to be a part of that jury selection. Is that what your understanding is?

THE DEFENDANT: Yes, sir.

THE COURT: And that by allowing—by having this by a trial by judge, only one person will make that decision; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I find that the defendant has knowingly, intelligently and voluntarily waived his right to a jury trial, and I find that that was originally stated on the record on Monday; however, he was not—there was not a formal waiver conducted that day and he was aware of the same rights and had made the same election on Monday as he does now formally on the record today . . .

N.T., 4/28/2011, at 48–53 (emphasis added).

Now, on PCRA review, Appellant asserts two claims with regard to the above proceedings. First, Appellant baldly asserts that because the trial court did not colloquy Appellant prior to the start of trial, his jury trial waiver was unintelligent and unknowing. Appellant's Brief at 14–15. Appellant also claims that the waiver colloquy in this matter was untimely. *Id.* at 16. According to Appellant, once the trial court began the trial without an oral colloquy, the only option was to order a mistrial. *Id.*

■ Appellant's challenge to the trial court's actions with regard to his jury trial waiver, however, are waived for PCRA purposes, as such issues could have been raised on direct appeal. 42 Pa.C.S.A. § 9544(b). Moreover, we simply note that, for the reasons set forth above in *Mallory,* even if Appellant's challenges to the trial court's actions were cognizable under the PCRA, for instance, if they were asserted as the underpinnings of an ineffective assistance of counsel claim, Appellant's bald assertions would not adequately establish that his jury trial rights had been violated. Indeed, as our Courts have held on a number of occasions, the mere absence of an on-the-record colloquy, alone, does not prove that a defendant unknowingly and unintelligently waived his right to a jury trial. *See Mallory,* 941 A.2d at 697.

■ Appellant also asserts that counsel provided ineffective assistance with regard

to his jury trial waiver because, when the court conducted its tardy on-the-record colloquy, counsel did not provide Appellant with the option of a jury trial, only a new bench trial in front of a different judge. Appellant's Brief at 15. On that basis, Appellant claims that he made his decision to proceed with his bench trial without the understanding that he had the right to a jury trial. *Id.* at 16.

Appellant's claim in this regard fails for several reasons. First, but for assertions within his brief, Appellant provides no evidence to support his claim that he misunderstood his attorney's explanation of his right to a jury trial. Indeed, Appellant did not testify to such a misunderstanding within the PCRA hearing, and offers nothing more than a theory set forth in his brief. Such a theory, however, is insufficient to plead and prove a valid claim of ineffective assistance of counsel.

Furthermore, review of the on-the-record colloquy between the trial court and Appellant evidences that, in light of the procedural mishap, the trial court very clearly offered Appellant the option to retry his case, this time in front of a jury of his peers. Appellant expressly declined that offer. Nothing within the trial court's colloquy or the testimony and evidence introduced at the PCRA hearing can be interpreted to imply that Appellant was misled to believe that his choice was limited to a bench trial. Therefore, the record belies Appellant's claim that he waived his right to a jury trial based upon a misunderstanding of his options. We agree with the trial court that Appellant's claim of ineffective assistance of counsel with regard to his jury trial waiver lacks merit.

Order affirmed.