J-S51032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUHAMMAD HARGROVE, | |
| Appellant | No. 1065 EDA 2015 |

Appeal from the PCRA Order April 10, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012747-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED AUGUST 05, 2016**

Appellant, Muhammad Hargrove, appeals from the order dismissing his counseled first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court aptly summarized the relevant background of this case as follows:

> [Appellant] was found guilty by a jury on October 12, 2011 of criminal trespass and conspiracy; the object of the conspiracy was to commit aggravated assault.  [Appellant] was sentenced to a period of two and [one-]half to five years' incarceration to be followed by four years of probation.  He did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] filed the instant [timely] PCRA petition, raising the sole claim that his attorney, Joseph Santaguida, Esq.[1], was ineffective for failing to file a direct appeal. Following a hearing, this court dismissed [Appellant's] petition, and this [timely] appeal followed.

(PCRA Court Opinion, 12/23/15, at 1) (some capitalization omitted). The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). It filed an opinion on December 23, 2015. *See* Pa.R.A.P. 1925(a).

Appellant raises one issue for our review:

Did the [PCRA] court err in not reinstating [Appellant's] right to file an appeal *nunc pro tunc* from the judgment of sentence imposed in this matter when [Appellant] showed that he requested counsel to file an appeal but instead of filing the appeal counsel told [Appellant's] mother that [Appellant] would receive the [maximum sentence] if he appealed?

(Appellant's Brief, at 2).

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. . . . The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. . . .

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted).

_____

[1] [Appellant] was represented at trial by David Belmont, Esq., and by Santaguida at sentencing; both parties agreed it was Santaguida to whom a request to file a direct appeal would have been properly directed.

In his issue on appeal, Appellant argues the PCRA court erred in failing to reinstate his direct appeal rights where counsel failed to file a requested direct appeal. (*See* Appellant's Brief, at 6-7).[2] Appellant claims that following sentencing, his mother asked counsel to file an appeal, but that counsel ignored this request and erroneously advised her regarding the potential consequences of an appeal. (*See id.* at 6). This issue does not merit relief.

In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. *See Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002), *appeal denied*, 808 A.2d 571 (Pa. 2002). Generally, "[t]o succeed on a claim that counsel was ineffective, [an a]ppellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction;

_____

[2] Appellant's one and one-half-page argument on this issue is underdeveloped. Although his sole claim is premised on ineffective assistance of counsel, he fails to state this specifically, nor does he provide this Court with any citations to the certified record. *See* Pa.R.A.P. 2119(a)-(c). Because we are able to discern the crux of his argument, we decline to find waiver, and will address it on the merits. *See* Pa.R.A.P. 2101.

and (3) counsel's ineffectiveness prejudiced him." ***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (citation omitted).

> Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request.

***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citations omitted).

Here, the PCRA court determined as follows:

> . . . [Appellant's] own evidence at the PCRA evidentiary hearing established that no such request was made of Santaguida. [Appellant's] mother, Arleatha Hargrove, testified that at some point in the weeks following the sentencing, she called Santaguida's office to discuss an appeal. Santaguida's normal practice in such situations is to discuss the benefits and drawbacks, both financial and legal, of the filing of an appeal.

> Arleatha Hargrove testified that Santaguida did just this, and that she told him that she would "talk to her sons." (N.T. PCRA Hearing, 2/20/15, at 17).[3] She took no further action and did not call Santaguida again. (***See id.***). No other witnesses testified that they had any contact with Santaguida or that they called Santaguida's office to request that a direct appeal be filed.

> The record is therefore clear that [Appellant], either on his own or through his family, did not request that his attorney file a direct appeal. Without such request, [Appellant] has failed to meet his burden under the PCRA and is not entitled to relief.

---

[3] [Appellant] was tried as co-defendant with his brother, Doron Hargrove.

(PCRA Ct. Op., at 2) (record citation formatting provided).

Upon review, viewing the evidence of record in a light most favorable to the Commonwealth as the prevailing party, we agree with the PCRA court that Appellant has not met his burden of establishing ineffective assistance of counsel with respect to his direct appeal, and we conclude that he is not entitled to relief. **See Mason**, **supra** at 617; **Ousley**, **supra** at 1244. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2016