J-S14010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TREIDY COLON | : | |
| | : | |
| Appellant | : | No. 688 EDA 2017 |
| | : | |

Appeal from the PCRA Order February 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008370-2010

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                                  **FILED JUNE 11, 2018**

Treidy Colon appeals from the order entered February 6, 2017, in the Philadelphia County Court of Common Please, denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Colon seeks relief from the judgment of sentence of five to 15 years' imprisonment, imposed on March 21, 2012, following his conviction of criminal conspiracy to commit aggravated assault.[2]  On appeal, Colon contends the PCRA court erred in dismissing his allegation of trial counsel's ineffectiveness for failing to object to hearsay testimony as a violation of the Confrontation

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 903(a)(1) and 2702.

Clause without first conducting an evidentiary hearing. For the reasons below, we affirm.

The facts underlying Colon's arrest and conviction were summarized by a panel of this Court in an unpublished memorandum decision affirming his judgment of sentence on direct appeal:

> On April 7, 2010, Luis Aponte (the "victim") and his two brothers planned to rob prospective drug customers on the 2900 block of Kip Street in the city of Philadelphia, but were told to leave by Efrain Santiago. The brothers returned later that evening and asked Michael DeJesus where they could find Santiago. DeJesus observed one of the brothers grab his waist and move what appeared to be a gun. Although DeJesus did not know where Santiago was, he told the brothers that he was at Kip and Cambria Streets. He then called and informed Santiago that the Aponte brothers were looking for him. Santiago responded that [Colon] was on his way. Shortly after the phone call, DeJesus observed [Colon] walking at a fast pace towards Kip and Cambria Streets with one hand behind his back. DeJesus then observed [Colon] shoot the victim and flee the scene.

*Commonwealth v. Colon*, 87 A.3d 874 [1319 EDA 2012 (Pa. Super. 2013) (unpublished memorandum at *1).

Colon was subsequently arrested and charged with murder, criminal conspiracy to commit aggravated assault, possession of an instrument of crime, and two firearms violations.[3] On January 27, 2012, following a jury trial, he was convicted only of conspiracy to commit aggravated assault. The jury acquitted him of the remaining charges. On March 21, 2012, the trial court sentenced Colon to a term of five to 15 years' imprisonment. Colon's

---

[3] *See* 18 Pa.C.S. §§ 2502, 903/2702, 907, 6106, and 6108, respectively.

judgment of sentence was affirmed on direct appeal, and the Pennsylvania Supreme Court denied his petition for review. **See Colon**, **supra**, *appeal denied*, ___ A.3d ___, 582 EAL 2013 (Pa. 2013).

On March 10, 2015, Colon filed a timely, *pro se* PCRA petition. Counsel was appointed, and filed an amended petition on April 22, 2016. The Commonwealth filed a motion to dismiss on September 28, 2016, and thereafter, the PCRA court sent Colon notice of its intent to dismiss the petition without first conducting an evidentiary hearing. After receiving no response from Colon, the PCRA court dismissed the petition on February 6, 2017. This timely appeal followed.[4]

On appeal, Colon raises two, related claims, which we have consolidated as follows: whether the PCRA court erred in dismissing his petition without first conducting an evidentiary hearing on his claim that trial counsel was ineffective for failing to object to hearsay testimony as a violation of Colon's Sixth Amendment right to confront witnesses against him. **See** Colon's Brief at 8.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016)

---

[4] On March 9, 2017, the PCRA court ordered Colon to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Colon complied with the court's directive, and filed a concise statement on March 16, 2017.

(internal punctuation and citation omitted). Further, "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." *Commonwealth v. duPont*, 860 A.2d 525, 530 (Pa. Super. 2004) (citation omitted), *appeal denied*, 889 A.2d 87 (Pa. 2005), *cert. denied*, 547 U.S. 1129 (2006).

In order to obtain relief based upon an allegation of the ineffective assistance of counsel, a PCRA petitioner must demonstrate: "(1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him." *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). Moreover, we presume counsel provided effective assistance, and "place upon the appellant the burden of proving otherwise." *Id.*

Here, Colon challenges the testimony of DeJesus that Santiago told him he was sending Colon to deal with the men looking for him. *See* N.T., 1/25/2012, at 40 (DeJesus testifying Santiago told him on the phone that he was "sending Treidy to chill out"). The parties discussed this proposed testimony before trial when the court was considering whether Colon's purported drug-dealing was admissible as a prior bad act. *See* N.T. 1/23/2012, at 20. The prosecutor argued the drug-dealing evidence was relevant to show the relationship between the parties, *i.e.*, that Santiago was

in charge of the block. ***See id.*** at 34. When the court commented that Santiago was not involved in the murders,[5] the following discussion ensued:

> [Prosecutor:] Well, [Santiago] is in the sense that he's actually the one that sends Mr. Colon to the block, and he also is the one that Mr. DeJesus calls when there's a problem on the block.
>
> [Defense Counsel]: Right; but there's no admissible testimony that Efrain Santiago sends my client. That would come from Mr. DeJesus, who says he had a phone call with [Santiago]; and [Santiago] said to Mr. DeJesus, "I'm sending Treidy."
>
> I don't see how that comes in.
>
> [Prosecutor]: Well, that comes in.
>
> [Defense Counsel]: There's no exception that would allow that hearsay to come in.
>
> [Prosecutor]: It's a statement of a co-conspirator in furtherance of the conspiracy.
>
> * * * *
>
> It's a statement – it's a statement of [Santiago.] …
>
> And it's a statement to Mr. DeJesus, who's also a co-conspirator. It's a statement about Mr. Colon, who's also a co-conspirator. And it's a statement in furtherance of the conspiracy, which is to assault these guys on the block and to take care of them.

***Id.*** at 34-36. Although the trial court was initially disinclined to permit the testimony, ***see id.*** at 42, it later agreed Santiago's statement to DeJesus was

---

[5] We note Colon was tried with co-defendant Bruce Santiago, who is the cousin of Santiago. ***See*** N.T., 1/23/2012, at 35. Furthermore, although DeJesus was originally charged with murder in this case, he subsequently entered a guilty plea to two gun charges, and was awaiting sentencing at the time he testified against Colon. ***See*** N.T., 1/25/2012, at 91.

admissible as "a statement in furtherance of the conspiracy." *Id.* at 84 (stating, "because the conspiracy is that they're on the block; they see the intruders coming – come back; and they want to get – and then they make a phone call to send the strongarm around to get rid of the – and that's part of the conspiracy.").

Colon insists trial counsel's failure to object to the admission of Santiago's statement "as a violation of the Confrontation Clause and [Colon's] right to confront all witnesses against him" amounted to ineffective assistance of counsel. Colon's Brief at 18. He contends "the statement was testimonial," and, pursuant to the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), the speaker "had to be present for cross-examination." *Id.* Colon maintains the Commonwealth's "failure to subpoena [Santiago]" and its reliance on DeJesus' testimony should have been challenged by trial counsel. *Id.* Further, he argues the "PCRA court should have granted an evidentiary hearing to provide the forum to demonstrate such manifest injustice." *Id.* at 16.

The PCRA court, however, determined there was no arguable merit to Colon's claim because trial counsel had, in fact, objected to the testimony as hearsay. *See* PCRA Court Opinion, 5/1/2017, at unnumbered 2. Accordingly, the court found no evidentiary hearing was required. *See id.* at unnumbered 3.

Upon our review of the record, the parties' briefs and the relevant statutory and case law, we agree that Colon's allegation of counsel's ineffectiveness has no arguable merit, and, therefore, the court properly declined to conduct an evidentiary hearing. However, our basis for concluding so is different from that of the PCRA court. **See Commonwealth v. Burton**, 158 A.3d 618, 630 n.15 (Pa. 2017) ("[A]n appellate court may affirm a PCRA court's order for any reason of record.").

Although counsel lodged a hearsay objection at trial, we do not agree that objection encompassed his present claim that the admission of Santiago's statement to DeJesus was violative of the Confrontation Clause, as interpreted by **Crawford**, **supra**. Nevertheless, we conclude that Colon's present **Crawford** claim has no arguable merit, and accordingly, counsel was not ineffective for failing to raise the issue in the trial court.

In **Crawford**, the United States Supreme Court considered when the admission of an out-of-court statement, whether or not the statement constitutes hearsay, implicates a defendant's Sixth Amendment right to confront witnesses against him. In considering the text of the Constitution, the Court stated, "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." **Crawford**, **supra**, 541 U.S. at 50. With this in mind, the Court further explained:

> [N]ot all hearsay implicates the Sixth Amendment's core concerns. An off-hand, overheard remark might be unreliable evidence and thus a good candidate for exclusion under hearsay

rules, but it bears little resemblance to the civil-law abuses the Confrontation Clause targeted. …

> The text of the Confrontation Clause reflects this focus. It applies to "witnesses" against the accused—in other words, those who "bear testimony." "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." **An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not.**

*Crawford*, *supra*, 541 U.S. 50-51 (internal citations omitted and emphasis supplied). The Supreme Court went on to provide a non-exclusive list of the types of statements that would be considered "testimonial" under the Constitution, including, prior testimony, affidavits, and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]" *Id.* at 51-52.

Conversely, in the present case, the statement at issue was not "testimonial" as interpreted by *Crawford*, and therefore, not violative of the Confrontation Clause. Indeed, Santiago's statement to DeJesus was the type of "causal remark to an acquaintance" that *Crawford* found to be omitted from Sixth Amendment concerns. *Id.* at 51. Nor did the circumstances under which the statement was made, *i.e.*, during a phone call between co-conspirators, lead either DeJesus or Santiago to "believe the statement would be available for use at a later trial." *Id.* at 52. Therefore, because we conclude the statement at issue, while clearly hearsay, was not "testimonial"

under **Crawford**, counsel would have had no reason to object on that basis,

and Colon's ineffectiveness claim fails for lack of arguable merit.

Order affirmed.[6]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/18

---

[6] It merits mention that on January 29, 2018, pursuant to Rule 1.12(c)(2) of the Pennsylvania Rules of Professional Conduct, the Commonwealth provided written notice to this Court and PCRA counsel that the judge who presided over Colon's jury trial, the Honorable Carolyn Temin, is now employed by the Philadelphia District Attorney's Office. The notice further stated that Judge Temin "has disqualified and screened herself from any participation in this matter." Notice Pursuant to Rule 1.12(c)(2) of the Pennsylvania Rules of Professional Conduct, 1/29/2018.