J-S29014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAHEED WILLIAMS, | |
| Appellant | No. 2510 EDA 2018 |

Appeal from the PCRA Order Entered August 24, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003684-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED AUGUST 07, 2019**

Appellant, Shaheed Williams, appeals from the post-conviction court's August 24, 2018 order dismissing his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant contends that his trial counsel acted ineffectively by erroneously advising him that if he testified on his own behalf, he could be impeached with his prior, non-*crimen falsi* convictions for gun-related offenses.  After careful review, we affirm.

We need not set forth the complex factual history underlying Appellant's convictions for purposes of addressing the issue he raises on appeal.[1]  In regard to the procedural history of this case, the PCRA court stated:

---

[1] For a detailed summary of the facts, **see** PCRA Court Opinion (PCO), 10/29/18, at 2-6.

On February 28, 2014, … [Appellant], along with his co-defendant[,] Aki Jones, was arrested and charged with Attempted Murder, Aggravated Assault, Intimidation of a Witness, Conspiracy, and Possession of a Firearm Prohibited ("VUFA 6105"). Co-defendants Charles Alexander and Troy Cooper were subsequently arrested and charged in connection to the instant offenses. On June 8, 2015, Alexander and Cooper entered into open guilty pleas.[1]

[1] On September 21, 2015, Alexander was sentenced to time served to twenty-three months imprisonment, plus five years of probation for Intimidation of a Witness and Conspiracy. On the same date, Cooper was sentenced to 55 to 120 months of imprisonment for Conspiracy.

On June 15, 2015, a jury convicted … [Appellant] of Attempted Murder, Aggravated Assault, Intimidation of a Witness, Conspiracy, and "VUFA 6105." On September 21, 2015, after completion of Presentence and Mental Health Reports, this [c]ourt sentenced … [Appellant] to twenty to forty years['] imprisonment for Attempted Murder,[2] concurrent terms of five to ten years for Conspiracy and "VUFA 6105," and a consecutive term of eight to sixteen years for Intimidation of a Witness, for a total sentence of twenty-eight to fifty-six years of imprisonment.[3]

[2] The Aggravated Assault count merged with [the] Attempted Murder charge.

[3] Jones was convicted of Attempted Murder, Aggravated Assault, Intimidation of a Witness, and Conspiracy. Jones received twenty to forty years for Attempted Murder, a concurrent term of five to ten years for Conspiracy, and a consecutive term of five to ten years for Intimidation of a Witness for a total sentence of 25-50 years['] imprisonment. These sentences were imposed consecutive to a three-to-six year sentence that Jones was currently serving for Possession of a Firearm Prohibited.

On October 13, 2015, this [c]ourt denied … [Appellant's] timely Post-Sentence Motion. … [Appellant] appealed and on December 16, 2016, the Superior Court affirmed his judgment of sentence. [**Commonwealth v. Williams**, 159 A.3d 1005 (Pa. Super. 2016) (unpublished memorandum)]. On July 27, 2017, the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. [**Commonwealth v. Williams**, 169 A.3d 1071 (Pa. 2017).]

On December 8, 2017, … [Appellant] filed a timely[,] *pro se* []PCRA[] petition, his first. On May 2, 2018, appointed PCRA counsel filed a no-merit letter pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)[,] and a Motion to Withdraw. On May 4, 2018, after independent review, this [c]ourt agreed that the instant petition was meritless and issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.[2] On June 20, 2018, [Appellant] filed a *pro se* 907 Response, raising four new issues.[4] On August 2, 2018, … [Appellant], through counsel, filed an Amended Petition. On August 24, 2018, after an evidentiary hearing, this [c]ourt dismissed the Petition.

> [4] … [Appellant] requested permission to proceed *pro se* and requested a forty-five day continuance to respond to the [c]ourt's 907 Notice. This [c]ourt granted a thirty-day continuance.

PCO at 1-2.

Appellant filed a timely notice of appeal. It does not appear that the PCRA court ordered him to file a Pa.R.A.P. 1925(b) statement, but it filed a Rule 1925(a) opinion on October 29, 2018. Herein, Appellant states one issue for our review: "Was trial counsel ineffective for giving inaccurate advice that vitiated Appellant's waiver of his fundamental and personal right to testify in his own defense?" Appellant's Brief at 2.

To begin, we note that:

Our standard of review of a PCRA court's denial of petition for relief is well-settled. We review an order of the PCRA court to determine whether the record supports the findings of the PCRA court and whether its rulings are free from legal error. To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence

---

[2] While the court noted in the Rule 907 notice that Appellant's counsel had filed a petition to withdraw, the court did not rule on counsel's motion.

- 3 -

resulted from one or more of the reasons set forth in 42 Pa.C.S.[] § 9543(a)(2).

\*\*\*

In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.

To succeed on a claim that counsel was ineffective, [the a]ppellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

Furthermore:

> to demonstrate prejudice, [the] appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. When it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of whether the first two prongs have been met. Failure to meet any prong of the test will defeat an ineffectiveness claim. Counsel is not ineffective for failing to raise meritless claims.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (cleaned up). Additionally,

> [a]s our Supreme Court explained in *Commonwealth v. Nieves,* … 746 A.2d 1102 ([Pa.] 2000):
>
> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of

his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Michaud*, 70 A.3d at 869 (citations omitted).

In the case *sub judice*, Appellant claims that his trial counsel acted ineffectively by advising him that if he testified on his own behalf at trial, he could be impeached with his two prior convictions for gun-related offenses. He contends that his firearm offenses are not *crimen falsi* crimes and, thus, they are not admissible as impeachment evidence. *See* Pa.R.E. 609 ("For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement."). Appellant insists that "[h]e wanted to testify in his own defense, and … he would have testified that he was innocent of the crimes charged, but for trial counsel's erroneous legal advice that he would be subject to cross-examination and impeachment for prior arrests and/or convictions not involving *crimen falsi*." Appellant's Brief at 19. Consequently, Appellant claims that his counsel acted ineffectively and he is entitled to a new trial.

We disagree. In rejecting this claim, the PCRA court reasoned:

At the August 24, 2018 evidentiary hearing, ... [Appellant] testified that trial counsel advised him that if he testified, his prior convictions for firearms offenses would be introduced to the jury. N.T.[ PCRA Hearing,] 8/24/2018[,] at 22-24. This [c]ourt found ... [Appellant's] testimony incredible. As a preliminary matter, this [c]ourt notes that [Appellant] had a juvenile conviction for Receiving Stolen Property, which is a crime of *crimen falsi*, pursuant to Pa.R.E. 609, and [Appellant] could have been

- 5 -

impeached if he testified at trial.[3]  [Additionally,] [a]t the evidentiary hearing, trial counsel testified that he advised ... [Appellant] not to testify as a matter of strategy, based off the belief that he could effectively cross-examine the Commonwealth witnesses.  *Id.* at [37-40].  Trial counsel properly advised ... [Appellant] that if he testified, he risked "opening the door" to his prior [firearm] convictions being admitted.

PCO at 8.  The court also stressed that, at trial, it had conducted a thorough colloquy of Appellant regarding his waiver of his right to testify.  Appellant indicated that he understood the implications of that waiver, and that he had no questions for the court or counsel.  ***See id.*** at 9-11.

Clearly, the PCRA court made a credibility determination to believe trial counsel's testimony that he advised Appellant not to testify as a matter of strategy, and to protect against Appellant's 'opening the door' to the evidence of his prior gun-related offenses.  The court did not believe Appellant's claim that counsel told him that his firearm offenses would be automatically admissible for impeachment purposes.  We cannot reverse the PCRA court's credibility determinations, which are supported by the record.  ***See Commonwealth v. Dennis***, 17 A.3d 297, 305 ("[W]here the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court.") (citation omitted).  Moreover, we agree with the court

---

[3] Rule 609(d) states that, "[i]n a criminal case only, evidence of the adjudication of delinquency for an offense under the Juvenile Act, 42 Pa.C.S. §§ 6301 *et seq.*, may be used to impeach the credibility of a witness if conviction of the offense would be admissible to attack the credibility of an adult." Pa.R.E. 609(d). Receiving stolen property is recognized as a crime involving dishonesty for which an adult defendant can be impeached. ***See Commonwealth v. McEnany***, 732 A.2d 1263, 1270 n.1 (Pa. Super. 1999) (citations omitted).

that counsel's advice was legally sound and reasonable. ***See Commonwealth v. Murphy***, 182 A.3d 1002, 1005 (Pa. Super. 2018) ("Evidence that might otherwise be inadmissible may be introduced for some other purpose, particularly where [the defendant's] own testimony 'opens the door' for such evidence to be used for impeachment purposes.") (citation omitted). Consequently, we discern no error in the court's rejecting Appellant's ineffectiveness claim and dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/19