J-S11008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS A. GOODEN | : | |
| | : | |
| Appellant | : | No. 1270 EDA 2022 |

Appeal from the PCRA Order Entered May 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002482-2015

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 15, 2023**

Appellant, Thomas A. Gooden, appeals from the order entered on May 3, 2022, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarized the facts of this case as follows:

On July 13, 2013, at about 2:43 a.m., Appellant was driving his automobile on Lincoln Drive near Morris Street in Philadelphia. At a curve in the roadway, Appellant lost control of his vehicle (a Subaru), which crossed into the opposite bound lane and collided with a vehicle (a Nissan) driven by Angela Terry. As a result of the collision, Appellant's passenger, Ashley Gant Madison, was killed and another passenger, Bria Staley, was injured. Angela Terry and her passenger, Harvey Stratton, were injured. A third vehicle, (a Honda) was involved in the accident, but Appellant was not charged with offenses relating to the third vehicle.

A jury convicted Appellant of accident involving death or personal injury, accident involving death—not properly licensed, homicide by vehicle, involuntary manslaughter, three counts of aggravated assault by vehicle, and four counts of recklessly endangering

another person. Appellant received an aggregate sentence of eight to 16 years' imprisonment.

*Commonwealth v. Gooden*, 2018 WL 1789790, at *1 (Pa. Super. 2018) (unpublished memorandum) (internal brackets and citation omitted). This Court affirmed Appellant's judgment of sentence in an unpublished memorandum filed on April 16, 2018. *Id.* On September 18, 2018, our Supreme Court denied further review. *See Commonwealth v. Gooden*, 194 A.3d 124 (Pa. 2018).

On September 17, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition. The PCRA court held evidentiary hearings on April 6, 2022 and May 3, 2022. By order entered on May 3, 2022, the PCRA court denied relief. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

_____

[1] Upon review of the PCRA court docket, this Court recognized that the notice of appeal was not properly timestamped despite a proper filing notation on the docket. *See* Pa.R.A.P. 905(a)(3). After further inquiry, this Court confirmed that the notice of appeal was timely filed on May 4, 2022. On May 26, 2022, the PCRA court filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 30, 2022. On August 1, 2022, the PCRA court issued a statement pursuant to Pa.R.A.P. 1925(a) generally citing the notes of testimony from the PCRA evidentiary hearing as justification for its decision, but noted that "[t]o the extent that the Superior Court believes the [PCRA] court's statements on the record do not adequately address any issue, the PCRA court will file a supplemental opinion upon remand." PCRA Order, 8/1/2022, at *1. Upon our review of the record, the PCRA court's decision is clearly delineated, no further opinion is necessary, and this case is ripe for disposition.

1. Did the PCRA court err in dismissing Appellant's PCRA petition following an evidentiary hearing because trial counsel was ineffective for [advising] Appellant that if Appellant testified at trial[,] the [Commonwealth could impeach his testimony with evidence that he had a prior conviction for] receiving stolen property [involving a firearm and, thereby,] deprived [Appellant] of his constitutional right to testify, and a new trial should be ordered because of the resulting prejudice to Appellant?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant claims that trial counsel was ineffective for improperly advising him about his right to testify at trial. *Id.* at 8-12. "Appellant avers that he wanted to testify but [elected not to do so after] trial counsel informed [him] that he would be confronted" with evidence that he had a prior conviction for receiving stolen property "where the property at issue was a gun." *Id.* at 10. Appellant acknowledges that while Pennsylvania Rule of Evidence 609 permits a party to impeach a witness with evidence of the witness' prior *crimen falsi* convictions, or those crimes involving dishonesty or false statements, trial counsel incorrectly advised Appellant that the Commonwealth could specifically introduce evidence that the prior conviction involved a firearm. *Id.* at 11, *citing* Pa.R.E. 609.[2] Moreover, Appellant argues that he "suffered prejudice because he could have explained his rate of speed

_____

[2] Pennsylvania Rule of Evidence 609 provides, in pertinent part:

**(a) In General**. For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, must be admitted if it involved dishonesty or false statement.

Pa.R.E. 609(a).

- 3 -

and rebutted evidence against him." *Id.* at 11.  Appellant argues that he did not understand trial counsel's advice and, therefore, he did not voluntarily waive his right to testify.  *Id.* at 11-12.

Our standard of review of a PCRA court's denial of a PCRA petition for relief is well-settled:

> We review an order of the PCRA court to determine whether the record supports the findings of the PCRA court and whether its rulings are free from legal error.  To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the reasons set forth in 42 Pa.C.S.A. § 9543(a)(2). […I]neffective assistance of counsel [is] set forth at 42 Pa.C.S.A. § 9543(a)(2)(ii).
>
> In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, [an a]ppellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal case citations and quotations omitted; brackets supplied).  "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).  "The PCRA court's credibility determinations, when

supported by the record, are binding on [an appellate court]; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** (citation omitted).

Moreover, our Supreme Court has stated:

The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel.

In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

***Commonwealth v. Nieves***, 746 A.2d 1102, 1104 (Pa. 2000) (internal citations omitted).

Our Supreme Court previously determined that a prior conviction for receiving stolen property is admissible as *crimen falsi* for the purpose of impeachment. ***See Commonwealth v. Hoover***, 107 A.3d 723 (Pa. 2014). Moreover, this Court previously determined that when a prior *crimen falsi* offense "does not require the use of a firearm," it is irrelevant and prejudicial to permit evidence that a firearm was involved in that prior crime when impeaching credibility. ***See Commonwealth v. Ellison***, 253 A.3d 264 (Pa. Super. 2021) (unpublished memorandum), *appeal denied*, 277 A.3d 552 (Pa. 2022).

Here, trial counsel testified that Appellant "had a prior conviction [with] a stolen firearm" and explained that "if [Appellant] testified, on rebuttal, the

Commonwealth would be able to admit the receiving stolen property [conviction] because it was *crimen falsi*." N.T., 4/6/2022, at 9. More specifically, trial counsel stated that he discussed with Appellant that the Commonwealth "could show [Appellant] had a prior conviction for *crimen falsi* [for] receiving stolen property" but could not "get into the facts of the [prior] case at all." *Id.* at 10. The PCRA court made a credibility determination on the record at the second PCRA evidentiary hearing, based in part upon trial counsel's 25 years of experience defending criminal cases, concluding that counsel testified credibly "when he [said] that he would have known that the gun would [not be admitted into evidence at trial], and that only the *crimen falsi* part of the theft would [be admitted]." N.T., 5/3/2022, at 11. Moreover, the PCRA court determined that counsel "knew what the law was and would not have intentionally or unintentionally told [Appellant] something wrong." *Id.* at 12. Accordingly, the PCRA court concluded that trial counsel was effective because he gave accurate advice based upon prevailing law, and that Appellant was not entitled to a new trial. *Id.*

Based upon this record, Appellant has not demonstrated either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf. The PCRA credited trial counsel's testimony that he gave Appellant a proper recitation of the law pertaining to impeachment through *crimen falsi*. We will not usurp that credibility determination. As such, we

find no arguable merit to Appellant's sole collateral claim, and he is not entitled to PCRA relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>6/15/2023</u>